W. A. H. MILLER v. S. W. WYBRANTS, JR.

(No. 287.)

EVIDENCE, must be objected to when offered.

APPEAL from Bell county. Opinion by DELANEY, J.

STATEMENT.— This suit was brought by appellant against appellee to recover a half interest in a tract of land of one hundred and thirty-three acres in Bell county, and for partition. The petition was filed August 29, 1877. October 5, 1877, defendant answered by a general denial and plea of not guilty. March 26, 1878, W. J. McDowell intervened, claiming a half interest in the land. April 14, 1878, the defendant amended, setting out his title and pleading limitation of three and five years and valuable improvements made in good faith. He also set up that those under whom he claimed had many years ago purchased the certificate by virtue of which the land was located, and had held it adversely more than two years before its location; that they had procured the issuance of the certificate and patent. There was no replication by plaintiff. April 6, 1878, there was a trial by the court and a judgment for the defendant; same day motion for a new trial by the plaintiff on the ground that "the judgment is contrary to the law and the evidence," which was overruled; and plaintiff appealed, and the following errors assigned: 1st. Overruling motion for new trial. 2d. Judgment contrary to the law and evidence and is without evidence. 3d. Judgment is illegal, unwarranted and not responsive to the issues.

Plaintiff then sets out his title. Defendant also exhibits his chain of title, beginning with deed from J. B. Daniel and wife to Anthony B. Flowery for all the right, title and interest in and to the bounty claims of James Hannum, deceased, for three hundred and twenty acres of land, and to a donation claim for six hundred and forty acres to which Hannum's heirs were entitled, and with a regular chain of

title down to himself, all the deeds having been recorded more than five years before the beginning of this suit. Defendant bought the land in 1871 while it was unimproved, took possession in March, 1872, and has resided upon it ever since, cultivating, using, and paying taxes upon it.

OPINION.— Our opinion is that there is no error in the judgment of the court below.

The assignments of error are so vague as not to indicate very definitely the grounds of this appeal.

Counsel for appellant suggest in their brief that the deed from Daniels and wife to Flowery did not pass title to the certificate by virtue of which the land was located. It should have been objected to when it was offered in evidence. Mrs. Daniels denied executing the deed, but this amounts to nothing. See Williams v. Powers, 48 Tex., 141; Hartley v. Frosh, 6 Tex., 108.

In our opinion the judgment should be affirmed, and it is so ordered.

AFFIRMED.