## W. A. H. MILLER vs. S. W. WYBRANTS, Jr.

SUPREME COURT, TYLER TERM, 1883.

Appeal from Bell County.

*W. A. H. Miller and Harris & Saunders* for appellant.

*W. S. Holman* for appellee.

### STATEMENT.

This suit was brought by appellant against appellee to recover a half interest in a tract of land, of 133 acres, in Bell county, and for partition. The petition was filed Aug. 29, 1877. Oct. 5, 1877, defendant answered by a general denial and plea of not guilty.

March 26, 1878, W. J. McDowell intervened, claiming a half interest in the land.

April 14, 1878, the defendant amended, setting out his title, and pleading limitation of three and five years, and valuable improvements made in good faith. He set up also that those under whom he claimed had many years ago purchased the certificate by virtue of which the land was located, and had held it adversely more than two years before its location, that they had procured the inssuance of the certificate and patent.

There was no replication by plaintiff.

April 6, 1878, there was a trial by the court, and a judgment for the defendant.

Same day motion for a new trial by the plaintiff on the ground that "the judgment is contrary to the law and the evidence." It was overruled and plaintiff above appealed.

The assignments of error are as follows :

1st. The overruling of the motion for a new-trial.

2nd. The judgment is contrary to the law and the evidence, and is without evidence.

3rd. The judgment is illegal, unwarranted and not responsive to the issues.

The plaintiff's chain of title was as follows :

1st. Patent for the 133 acres, issued to the heirs of James Hannum, May 4th, 1861.

2nd. Deed of trust by Elizabeth Daniel to Fred Sterzine for 66½ acres of the tract, dated Oct. 10th, 1876. (Mrs. Daniel was one of surviving sisters of James Hannum, the other sister being Mrs. Flowry.)

3rd. Deed from Mrs. Daniel, by Sterzine, trustee to plaintiff, dated January 26th, 1877. (Mrs. D. was at this time a widow.)

The defendant's chain of title was as follows :

1st. Deed from J. B. Daniel and wife, Elizabeth Daniel to Anthony B. Flowry, for all the right title and interest in and to the bounty claim of James Hannum, deceased, for 320 acres of land, and to the donation claim for 640 acres to which Hannum's heirs were entitled by reason of his having died in the service of the republic.

This deed was dated Feb. 12th 1853, and duly recorded in Bell county July 15th 1857.

2nd. Deed from Anthony B. Flowry and his wife, Maria Louisa Flowry, to H. J. Wilson for certificate No. 1426 issued Dec. 5th 1853, to the heirs of James Hannum for 960 acres "bounty and augmentation land," the deed reciting that it was the same certificate or claim, one half of which James B. Daniels and his wife, Elizabeth, had conveyed to Anthony B. Flowry.

3rd. Regular chain of title, from H. J. Wilson down to himself, all the deeds having been properly recorded more than five years before the beginning of this suit.

Defendant bought the land in 1871 while it was unimproved, took possession in March 1872, and has resided upon it ever since, cultivating, using and paying taxes upon it.

Mrs. Daniels testified by deposition she could not remember having ever signed the deed from Daniels and his wife to Flowry; was satisfied that she had not signed it, because she had never received anything for her interest. In fact she had never signed the deed. She had seen it on file in the Land Office, but it was late in the evening, and she had not time to examine it; she could not say who signed either of the names to the deed. When asked (some time before this trial) if she would pronounce the deed a forgery she said no, she would not do that, but she had not signed it.

Opinion by Delaney J.

Our opinion is that there is no error in the judgment of the court below. The assignments of error are so vague as not to indicate, very definitely, the grounds of this appeal.

Counsel for appellant suggest in their brief that the deed from Daniels and wife to Flowry, did not pass title to the certificate by virtue of which this land was located.

They should then have objected to it when it was offered in evidence. But we do not think that the objection could have been maintained. As the deceased, Hannum, was entitled to two different land claims, one for 320, and the other for 640 acres, the parties doubtless supposed that two different certificates would issue. But it appears that both the claims were included in one certificate for 960 acres.

The denial of Mrs. Daniels of the execution of the deed amounts to nothing. Williams vs. Powers 48 Tex. 141. Hartly vs. Frosh 6 Tex. 108.

In our opinion the judgment should be affirmed.

The report of the commissioners of appeals examined, their opinion adopted and the judgment affirmed.

WILLIE, C. J.