No. 662.

THE GULF, COLORADO & SANTA FE RAILWAY COMPANY *v.* THE
FORT WORTH & NEW ORLEANS RAILWAY COMPANY.

1. JURISDICTION.—When an appeal from a judgment of the district court
   is perfected during the term at which the judgment is entered, the juris-
   diction of the Supreme Court attaches on the adjournment of the term;
   if, at the time of the appeal, an injunction in the case exists, on perfect-
   ing the appeal, and the attaching of jurisdiction in the Supreme Court,
   the injunction follows the jurisdiction and becomes the injunction of the
   Supreme Court.

2. FINAL JUDGMENT.—A judgment is final which disposes of all matters in
   controversy as to all the parties to a suit; hence, a judgment dissolving
   an injunction which was once issued to restrain a railway company from

constructing and operating its road, when to secure such restraint was the object of the suit, is a final judgment. From such a judgment an appeal may be taken which will give jurisdiction to the Supreme Court over the case ; and this, though the case may have been dismissed by the court below, on the plaintiff's request, after the entry of the order dissolving the injunction.

3. INJUNCTION—APPEAL—JURISDICTION.—When an injunction is dissolved by final judgment, and an appeal is prosecuted by the giving a supersedeas bond by the party seeking the injunction, the dissolution is suspended—the injunction is continued in force by the appeal, and the Supreme Court will enforce obedience to its mandates until it reverses them.

4. CONTEMPT.—See opinion for facts under which it was held that the delay in moving against a party for contempt of court would not absolve him from liability for the contempt.

### ON REHEARING.

5. CASE REVIEWED.—The rule laid down in Williams v. Pouns, 48 Texas, 141, to the effect that on an appeal from a final judgment dissolving an injunction suspends the dissolution pending the appeal adhered to. Since that decision, the Revised Statutes, substantially re-enacting the former laws regarding appeals, have been adopted, and it must be presumed they were adopted in view of the judicial construction they had received.

6. CASE REVIEWED AND DISAPPROVED.—The case of Ewing v. Glidwell 3 Howard, Mississippi, 332, which holds, in effect, that if a plaintiff takes a non-suit, or dismisses his case, he can not so appeal as to confer jurisdiction upon the higher court, reviewed and disapproved. The cases of Kempland v. McCauley, 4 T. R., 436, and Box v. Bennett, 1 H. Bl., 432, cited in support of that decision, reviewed and distinguished.

7. CASES REVIEWED.—United States v. Evans, 5 Cranch, 105, and Houston v. Berry, 3 Texas, 235, reviewed.

8. CASE CITED.—Brewer v. The State of Connecticut, 9 Ohio, 189, cited and approved.

APPEAL from Tarrant. Tried below before the Hon. R. E. Beckham.

On May 13, 1886, in pursuance of the fiat of Hon. J. M. Hall, judge of the eighteenth judicial district, an injunction was issued in cause number 3599, in the district court of Tarrant county, the Gulf, Colorado & Santa Fe Railway Company, plaintiff, v. the Fort Worth & New Orleans Railway Company, defendant, and served on the defendant, restraining it from entering on certain right of way of plaintiff, therein described; from constructing a railroad track or tracks thereon, except across the main track of plaintiff at as near a right angle as practi-

cable, and from interfering with or molesting said right of way in any manner, etc., until it has been finally determined in the suit between the parties in the county court of Tarrant county, by final judgment therein, affirmed by the appellate court in case of appeal therefrom, that the said right of way sought to be condemned by defendant is subject to condemnation.

At the next regular term of the district court, on June 4, 1886, on motion of the defendant to dissolve the injunction, the judgment was entered which is set forth in the opinion.

The plaintiff having given notice of appeal, immediately filed a supersedeas bond in double the amount of the injunction bond, which was approved by the clerk, and at the same time filed assignments of error. On October 12, 1886, the plaintiff filed in the district court a petition, with proper supporting affidavits, asking for attachments for contempt against certain officers, agents and contractors of defendant for disobedience of the injunction; upon which Hon. R. E. Beckham, judge of the court, indorsed, "the within petition, this day presented to me, and the application for attachment therein prayed for is refused."

Such petition specified the particular acts by which the different parties complained of had violated the injunction, and the refusal of the attachment was the basis of the application for a mandamus in this court. The term of the district court, during which the judgment dissolving the injunction was entered, adjourned July 26, 1886. Previous to the adjournment, on the first effort of the defendant to disobey the injunction, the plaintiff, on the eleventh day of June, 1886, applied to the judge to hold certain of defendant's agents for contempt. The papers on file contain no evidence of what his action was.

The Gulf, Colorado & Santa Fe Railway also filed in this court its petition, in which it alleged that the agents and contractors of the Fort Worth & New Orleans Railway Company, named therein, had violated the injunction pending the appeal and supersedeas to this court, stating the particular acts of violation, and praying that they be attached for contempt of this court in disobeying the injunction pending the appeal, or for a rule requiring them to show cause against such attachment, for a writ of supersedeas to the district judge and the defendant, its agents and servants, commanding them to observe the supersedeas in said cause number 3599, and to desist from disobedience of the injunction pending the appeal to this court, and for all orders of this court necessary to enforce the injunction,

pending the appeal.   A transcript of the record in the district court was filed as an exhibit.

In view of the question involved, the allegations pro and con affecting the right of the plaintiff below to be relieved by perpetual injunction, are omitted.   The opinion contains all that is necessary to its proper understanding.

*Ballinger, Mott & Terry,* for complainant:   On their proposition that an appeal and supersedeas bond, from a final decree or judgment dissolving an injunction, revives the injunction and continues it in force pending the appeal, they cited Williams v. Pouns, 48 Texas, 144; Weaver v. Poyer, 70 Illinois, 567; Titus v. Mabee, 25 Illinois, 257; Shaw v. Hill, 67 Illinois, 455; Prout v. Lomer, 79 Illinois, 331.

On their proposition that a decree or judgment entered on motion of the defendant to dissolve an injunction, dissolving an injunction, the petition being for injunction only, and dismissing the petition with judgment against the plaintiff for costs, is a final judgment from which the plaintiff may appeal, although that portion of the judgment dismissing the petition is entered on plaintiff's motion or request, they cited Weaver v. Poyer, 70 Illinois, 567; Prout v. Lomer, 79 Illinois, 331; Parker v. Spencer, 61 Texas, 160; West v. Bagby, 12 Texas, 34; Hagood v. Grimes, 24 Texas, 16; Lively v. Bristow, 12 Texas, 60; Baldridge v. Cook, 27 Texas, 565; Burnley v. Cook, 13 Texas, 586; Cook v. De La Garza, 13 Texas, 431; Gaskins v. Peebles, 44 Texas, 390; Pryor v. Emerson, 22 Texas, 163; Gibson v. Moore, 22 Texas, 611; Sims v. Redding, 20 Texas, 385; Hale v. McComas, 59 Texas, 484.

On their proposition that a violation of the injunction pending the appeal is a contempt of the jurisdiction of this court, being an impediment to the effectual enforcement of the decision of this court which may be rendered on this appeal, they cited McLaughlin v. Janney, 6 Grattan, Virginia, 609; Railway Company v. Railway Company, 105 Pennsylvania State, 13; Yeoman v. Lasley, 36 Ohio State, 416.

On their proposition that when the jurisdiction of this court attaches on appeal the injunction becomes the injunction of this court, and this court has jurisdiction to enforce obedience to it; that this court has power to devise all writs and processes necessary to complete the enforcement of its jurisdiction, they cited Teas v. Robinson, 11 Texas, 777; Robbins v. Gorham, 25 New York, 594, and those under third proposition.

On their proposition that the appellate court had the power to preserve the status of the case pending the appeal, they referred to the authorities before cited.

*Pendleton, Chapman & Powell,* for respondent, insisted that none of the authorities cited by complainant sustained his first proposition except Williams v. Pouns, 48 Texas, 144. They cited Garrow v. Carpenter, 4 Stewart & P., 336; Chegary v. Scofield, 1 Halstead's Chancery, 525; Hoyt v. Gilston, 13 Johns, 139; Wood v. Dwight, 7 Johns, 295.

On their proposition that an appeal with supersedeas bond from a final judgment dissolving an injunction does not revive and keep the judgment in force, they cited 1 Halstead's Chancery, 525; 15 California, 107; 40 Georgia, 309; 4 Stew. & P., 336; 24 Michigan, 322; 23 Minnesota, 415; Clark's Chancery, 59; 3 Paige, 381; 13 Abbott's Pr., new series, 1; 26 Illinois, 531.

That complainant could not appeal from dismissal or non suit voluntarily taken by himself, they cited O'Dougherty v. Aldrich, 5 Denio, 384; Van Wormer v. Mayor of Albany, 18 Wendell, 169.

That an order made on a motion dissolving an injunction after hearing the proof and refusing or failing to dismiss the petition is interlocutory, they cited Knapp v. Marshall, 26 Illinois, 63; 10 Texas, 518; 23 Texas, 292; 41 Texas, 419; Freeman on Judgments, sections 12, 16, 29, 31.

That if plaintiff was guilty of laches in pursuing his rights under injunction order, his application should be refused, they cited High on Injunctions, sections 868, 869, and authorities cited; Daniel's Chancery Pleading and Practice, 1860, 1861.

On their motion for rehearing counsel for respondent filed a printed argument attacking the doctrine announced in Williams v. Pouns, and relied on the authorities referred to and reviewed in the opinion delivered on the motion for rehearing.

GAINES, ASSOCIATE JUSTICE. The Gulf, Colorado & Santa Fe Railway Company, who are complainants in this proceeding, brought suit in the district court of Tarrant county against the Fort Worth & New Orleans Railway Company, one of the respondents herein, to enjoin it from building its railroad across complainant's track and along its right of way in a certain manner specifically stated in the petition. A fiat for a preliminary injunction having been obtained, the petition was filed and writ issued on the thirteenth day of May, 1886. At the term of

the court next ensuing, a motion was made to dissolve the injunction upon the grounds, First, that the court had no jurisdiction; second, that there was no equity in the petition; third, that all the equities in the petition had been denied under oath, and fourth, that, the injunction was obtained by misrepresentation and suppression of material facts.   Upon the hearing of the motion the injunction was dissolved and a judgment rendered, from which the following extract is taken:

"It is considered and ordered by the court that the said injunction be and the same is hereby dissolved, to which plaintiff, the Gulf, Colorado & Santa Fe Railway Company, excepts, and thereupon plaintiff waived its right to continue the same for further hearing, and asked that judgment final be entered on said petition, which being refused, the plaintiff excepted; and then came the plaintiff by attorney and suggested that the bill, being for injunction only and the same being dissolved, asked that the petition or bill be dismissed, which is hereby accordingly done."   Then follows a judgment against plaintiff for costs.   The complainant thereupon excepted, and gave notice of appeal in open court, and immediately filed his supersedeas bond for an appeal to this court.

This proceeding is a motion by complainant to punish the respondents herein for contempt of this court in having disobeyed the injunction granted in the court below.   The respondents, who have been cited, have appeared by counsel and answered, admitting the acts complained of, but objecting to the granting of the motion on grounds which will be hereinafter set forth. When an appeal from the final judgment of the district court is duly perfected, the jurisdiction over the case ceases in that court, upon its adjournment for the term, and attaches to the Supreme Court.   An injunction existing in the lower court at the time of the appeal may be said to become the injunction of the court to which the appeal is taken.   These propositions have not been seriously contested upon the argument, and though not expressly decided in our State, the principles upon which they rest seem well supported by authority here and elsewhere.   (Teas v. Robinson, 11 Texas, 777; McLaughlin v. Janney, 6 Grattan, 609; The New Brighton, etc., Railroad Company v. Pittsburg, etc., Railroad Company, 105 Pennsylvania State, 13; Yeoman v. Lasley, 36 Ohio State, 416; Stockton v. Bishop, 2 Howard, 74; The Slaughter House cases, 10 Wallace, 292.)

The motion here made has been resisted mainly upon three

grounds : First, that the judgment of the district court of Tarrant county is not a judgment from which an appeal will lie ; second, that the appeal does not keep in force or revive the injunction ; and third, that complainants, knowing that the work the Fort Worth & New Orleans Railway Company was restrained from doing had been prosecuted ever since the rendition of the judgment, had taken no steps to enforce the injunction, and, by its delay, is to be presumed to have acquiesced in its dissolution.

We will discuss these grounds of objection to the motion in the order in which they have been stated. Our statutes broadly provide that "an appeal or writ of error may be taken to the Supreme Court from every final judgment of the district court in civil cases." (Revised Statutes, Article 1380.) The object of the suit in the court below was perpetually to restrain the defendant in that suit from constructing and operating its road in the manner proposed by it, across plaintiff's track and along its right of way. The judgment of the court dissolved the injunction, dismissed the suit, and ordered that plaintiff pay all the costs. That this is a final judgment there can be no doubt. Any judgment is final which disposes of the matters in controversy as to all the parties to the suit. (West v. Bagby, 12 Texas, 34 ; Martin v. Crow, 28 Texas, 613 ; Hagood v. Grimes, 24 Texas, 16 ; Simpson v. Bennett, 42 Texas, 241 ; Cannon v. Hemphill, 7 Texas, 184.) But it is contended, on behalf of respondents, that the suit, having been dismissed at the request of plaintiff, it has no right of appeal ; and in support of this proposition we have been cited to cases of O'Dougherty v. Aldrich, 5 Denio, 385, and Van Wormer v. Mayor of Albany, 18 Wendell, 169. The cases cited are not in point. There was no motion in either case to dismiss the appeal for the want of jurisdiction. In each of them the appeal was heard on its merits, and the court held that the appellant, having taken a voluntary nonsuit in the court below, could not complain of the judgment. The decision was not that there was no legal appeal, but that there was no error in the judgments of which the plaintiffs could take advantage on appeal. The question before us in this case is, whether the cause originally instituted in the lower court has been removed into this court by appeal or not. It is not whether appellant can legally complain of the judgment when the appeal comes on to be heard. It will be proper for us to decide the latter question when the appeal is presented, and not before. We are of opin-

ion that the judgment, the notice of appeal, and the filing of the supersedeas bond give this court jurisdiction of the case.

The legal question raised by the second objection to this proceeding as stated above, has, we think, been settled in the case of Williams v. Pouns, 48 Texas, 144. This decision recognizes the conflict of authority in other States, but holds that under our statutes when an injunction is dissolved in a final judgment, and an appeal is prosecuted under a supersedeas bond, the dissolution is suspended, and the injunction is continued in force by the appeal. We are not aware that the correctness of this decision has ever been questioned in the courts of this State, and we think the principle decided strictly applicable to the case before us.

It follows from what we have said that we are of opinion that the jurisdiction of this court has attached by reason of the appeal from the judgment of the court below; that the injunction is still in force, and that it is the duty of this court to enforce obedience to its mandates.

It remains for us to consider the other ground of opposition to the granting of this motion. It is claimed that complainant has been guilty of such laches in proceeding to enforce its injunction that an attachment for its breach at this time ought to be refused. The authorities to which we have been cited on this point do not sustain the proposition. In Daniel's Chancery Practice it is laid down in substance that when the act sought to be restrained has been acquiesced in by the complainant for an unreasonable time an injunction will not be granted. (3 Daniel's Chancery Practice, star page 1860, and cases cited.) Also, when the writ has been granted and there has been considerable delay in having it served, an attachment for disobedience will be refused, although the defendant was in court when the injunction was granted, and had actual notice of the order. (2 High on Injunctions, section 1451.) This rule does not apply when the writ has been promptly served. In Dale v. Roosevelt, 1 Paige, 35, it is held that an injunction is not waived by delay in applying for an attachment for its violation. In that case the act enjoined was the prosecution of a suit at law, and it appeared that the suit had been instituted and carried on for two or three years before the attachment was applied for, during all of which time the injunction was in force. In his opinion Chancellor Walworth says: "It does not lie with Roosevelt to complain that he has not sooner been punished for violating the injunction, if a

contempt has in fact been committed." (Id.) But if the law be as respondents claim, it could not be said there has been such laches in the case as to deprive complainant of the benefits of its injunction. The appeal was perfected in June, and this motion was filed herein the ninth day of November, 1886. It was hardly practicable to have made the application to this court in time for a hearing before the adjournment of the Austin term, and we fail to see how the delay of one month since the meeting of this court could operate to the prejudice of respondents or in any manner relieve them from the consequences of their contempt.

No desire is manifested to prosecute this proceeding further against the respondents who have not been served. Those who have answered under oath allege that the acts complained of were committed under the advice of counsel and without any willful intent to disobey the injunction of the court. Counsel for the complainant has intimated that only such punishment should be inflicted as the court may deem sufficient to secure obedience to its orders. This cause will therefore be dismissed for want of prosecution against the respondents not served. A fine of ten dollars will be assessed against the respondent company, and a fine of one dollar each against the other respondents who have been cited and have answered. It will also be ordered that the respondent company, within sixty days from this date, restore complainant's track and right of way to their existing condition at the time the appeal from the judgment of the court below was perfected.

*Ordered accordingly.*

## On Motion for Rehearing.

Gaines, Associate Justice. The motion for a rehearing in this case asks for a reconsideration by the court of two questions passed upon adversely to respondents in the opinion heretofore delivered at the Tyler term. We have endeavored to give to these questions the careful review which is demanded as well by the able and exhaustive argument which has been filed in support of the motion as by their intrinsic importance and the large interests involved in their decision; but the demands upon the time of the court are such that we can only state briefly a few additional reasons for adhering to our previous decision.

In the first place, it is urged that the rule laid down in Williams v. Pouns, 48 Texas, 141, that an appeal from a final judg-

ment dissolving an injunction suspends the dissolution pending the appeal, is against the better reason and the weight of authority, and should therefore be overruled.  But this can not be done. without violating a leading principle applicable to the construction of legislative enactments.   Since the statutes bearing upon the question were construed in that case, a revision of our entire statutory law, prepared by a commission of able and careful lawyers, has been adopted by the Legislature.   The Revised Statutes substantially re-enact the former laws upon this subject.   If it had been the will of the Legislature to abrogate the rule established in the case cited, it is to be presumed that in revising the laws they would have clearly expressed that intention in some special provision upon the subject.   Having adopted in the new laws substantially the same provisions in regard to appeals that were found in the old, the inference is that they intended the same construction should be put upon them.  (Ennis v. Crump, 6 Texas, 34.)  This alone is sufficient to preclude us from disturbing the ruling of Williams v. Pouns.

The other point to which our attention is called in the motion· is as to the right of appeal from the judgment in this case.  We have been cited, in the argument, to a number of additional authorities upon the question, and shall briefly review them.

As we construe the cases referred to, the only one which sustains the doctrine contended for—namely, that if a plaintiff take a nonsuit or dismiss his cause, he can not so appeal as to confer jurisdiction upon the higher courts—is that of Ewing v. Gladwell, 3 Howard, Mississippi, 332.  There the writ of error was dismissed upon the ground that the plaintiff in error had taken a voluntary nonsuit.  The court cite, in support of their opinion, the cases of Kempland v. McCauley, 4 T. R., 436, and Box v. Bennett, 1 H. Bl., 432.  These causes are authority for holding that, when a party who has taken a nonsuit comes to be heard on a writ of error from the judgment, he can not obtain any relief.  They do not hold that the writ of error is unauthorized and void.  Kempland v. McCauley, supra, came up on a rule to stay execution on a judgment for costs, where plaintiff in error had taken nonsuit.  The rule was discharged on the ground, as shown by the opinions both of Lord Kenyon and Mr. Justice Buller, that a supersedeas was never granted when it could be shown that a writ of error was sued out for delay; and that since the judgment complained of was one of nonsuit, the purpose of delay was apparent upon its face.  There is not a word in either

ɔpinion to indicate that the court considered that the writ was illegally issued. On the contrary, it is to be implied that they held it valid. In Box v. Bennett, supra, the court said "that though error might be brought in a judgment of nonsuit, it did not follow the execution ought to be set aside;" and they put it upon the ground of delay, which, under the English practice, was a sufficient reason in every case for refusing a supersedeas. We think it clear that these two cases do not sustain the opinion of the court in the Mississippi case just cited.

In the case of United States v. Evans, 5 Cranch, 280, the plaintiff in error, having become dissatisfied with the ruling of the court below, took his bill of exceptions and nonsuit, and then moved to set his nonsuit aside. The court below refused his motion, and he sued out his writ of error. The cause was submitted to the court, and Chief Justice Marshall said "that when there had been a nonsuit and a motion to reinstate overruled, the court could not interfere," and the judgment was affirmed. There the court evidently entertained jurisdiction.

But we are also cited to Huston v. Berry, 3 Texas, 235. In that case there was a nonsuit but no final judgment. The cause was stricken from the docket for want of jurisdiction. That this was solely upon the ground that the judgment was not final is apparent from the opinion of Judge Lipscomb, who says: "There should have been a judgment rendered for costs on plaintiff's taking a nonsuit. This would have been sufficient to sustain the appellate jurisdiction." This disposes of the cases to which we have been referred upon this branch of the motion. None of them sustain respondent's position except Ewing v. Gladwell, and we think that decision stands alone in holding that, in cases of appeal from voluntary non-suit or dismissal, the appellate court does not obtain jurisdiction.

In the previous opinion, our decision upon this point was placed upon the ground that our statutes provided for an appeal from every final judgment in the district court. In this we are well sustained by the well considered case of Brewer v. The State of Connecticut, 9 Ohio, 189. The statute of Ohio allows an appeal from any final judgment or decree in chancery; and the court in that case held that the statute authorized them to entertain an appeal from a decision taken by consent; although, according to the general chancery practice, this was not allowed. The opinion also conceded that in Ohio an appeal from a volun-

tary nonsuit was not allowed at law; but showed that this was upon the ground that their statutes expressly authorized an appeal from an enforced nonsuit, without mentioning those taken voluntarily. Hence the latter were held to be impliedly excluded.

We are of opinion, therefore, that our former conclusions in this case are correct, and the rehearing will be refused. The time granted in the former judgment for obedience to the mandatory injunction therein ordered will be extended thirty days from this date.

*Rehearing refused.*

Opinion delivered February 18, 1887.