# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1887.

---

### Motion No. 35.

FORT WORTH STREET RAILWAY COMPANY *v.* ROSEDALE STREET RAILWAY COMPANY.

1. INJUNCTION.—Though an injunction remains in full force pending appeal under a supersedeas bond after a final decree is entered dissolving it, yet if the order granting the injunction limits its duration to the hearing of the cause in the district court, and on the hearing the injunction is dissolved, the rule does not apply. The Supreme Court will not revise such an order thus limited, on appeal, and an order which can not be revised is not affected by an appeal.
2. WHEN INTERLOCUTORY ORDERS ARE AFFECTED BY AN APPEAL.—Appeals under supersedeas bonds suspend judgments during their pendency, and orders made in the progress of a case, though interlocutory in their character, may, when they affect the merits of the case, be revised after a final judgment.

MOTION for attachment for contempt.

The following is the motion for attachment for contempt, viz.:

"FORT WORTH STREET RAILWAY COMPANY, Appellant,
*v.*
"ROSEDALE STREET RAILWAY COMPANY, Appellee.

"In the Supreme Court of the State of Texas. Appeal from Tarrant county.

"To the Honorable Supreme Court of the State of Texas:

"Your complainant, the Fort Worth Street Railway Company, respectfully represents to the court:

"That, heretofore, to wit, on the seventeenth day of September, 1884, your complainant applied to the district court of Tarrant

county, Texas, for an injunction to enjoin and restrain the Rosedale Street Railway Company from building or constructing any street railway track on Houston street, in the city of Fort Worth, in Tarrant county, Texas, until the respective rights of complainant and said Rosedale Street Railway Company had been adjudicated and settled by the hereinafter mentioned suit, then pending in said district court of Tarrant county, to determine the question as to which of said two companies had the superior right to build and construct a street railway on said Houston street; that said district court of Tarrant county granted said application and issued a writ of injunction enjoining and restraining said Rosedale Street Railway Company, its officers, agents and servants from building or constructing any street railway track on said Houston street until the respective rights of complainant and said Rosedale Street Railway Company had been adjudicated and settled by said suit.

"That complainant was defendant in the suit in which it obtained said injunction, namely, the suit of the Rosedale Street Railway Company v. The Fort Worth Street Railway Company; that said suit is now in appeal in this (the Supreme) court.

"Said Fort Worth Street Railway Company being appellant, and said Rosedale Street Railway Company being appellee, and the said suit was brought to determine which of the parties, complainant or said Rosedale Street Railway Company, had the superior right to build and construct a street railway on said Houston street. That in said suit, said district court of Tarrant county, Texas, on the fifteenth day of May, 1885, rendered a judgment decreeing the dissolution of said injunction and holding same for naught and adjudging the superior right to construct and build a street railway on said Houston street to be in said Rosedale Street Railway Company.

"That this complainant has prosecuted an appeal from said judgment to the Supreme Court of the State of Texas, and said appeal is now pending in said Supreme Court at Austin, Texas.

"That the effect of said appeal is to continue in force said injunction. That heretofore, to wit, on the ———— day of March, 1887, said Rosedale Street Railway Company, its officers, agents and servants, under the guise and color, and in the name of, the Queen City Street Railway Company, which, complainant is informed and believes, and therefore charges, has no legal corporate existence, commenced the construction and building of a

street railway track on said Houston street, and is now prosecuting said work.

That said Queen City Street Railway Company filed articles of incorporation in the office of Secretary of State of the State of Texas, as far back as October 20, 1881, but it never legally organized or took any steps to begin active operation to construct a line of railway until after said injunction was sued out as aforesaid. That at some time during the year 1887 said Queen City Street Railway Company organized, or pretended to do so, by electing officers, the names of whom are unknown to complainant, except that P. M. Willing was elected president, Joe Mayer, treasurer, and J. C. Scott secretary, and Theo. Vogel, David Boaz, P. M. Willing and J. C. Scott directors. That John Tierney is a stock holder in said Queen City Company; that said Theo. Vogel is secretary and treasurer of said Rosedale Street Railway Company; that said Joe Mayer is treasurer of said Queen City Street Railway Company; that said John Tierney is president of said Rosedale Street Railway Company and one of its directors, as well as a director of the said Queen City Street Railway Company; that said David Boaz is director of said Rosedale Street Railway Company, as well as of said Queen City Railway Company, and that said John Tierney is a director of said Rosedale Street Railway Company, as well as a stockholder of the Queen City Street Railway Company.

The complainant is informed and believes, and so charges, that said Vogel, Boaz, Mayer and Tierney own a majority of the stock of said Queen City Railway Company, and they are each large stockholders in said Rosedale Street Railway Company; that before said work of constructing and building said street railway track on said Houston street as aforesaid by said Rosedale Company in the name of said Queen City Company, said Bogel, Boaz, Tierney and Mayer each had notice of said injunction sued out by complainant against said Rosedale Street Railway Company as aforesaid. That the work of constructing and building said street railway track, begun and now being prosecuted on said Houston street in the name of and ostensibly for said Queen City Railway Company, but really in the interest of and for the benefit of said Rosedale Street Railway Company, has been and is now being done on and over the same territory from the building and construction of a street railway track on which said Rosedale Street Railway Company was enjoined and restrained as aforesaid, and on which it claimed the right to

build and construct said railway track in said suit, the deter-mination of its right to do so in preference to and exclusive of complainant, being the main object of said suit. That said pretended organization of said Queen City Street Railway Com-pany was made by the officers and directors of said Rosedale Street Railway Company, and was made for the purpose of enabling said Rosedale Street Railway Company to evade the effect of said injunction, and that said building and construction of said street railway track on said Houston street in the name of said Queen City Street Railway Company, is being done for the use and benefit of the said Rosedale Street Railway Com-pany, with an agreement that when completed said Rosedale Street Railway Company is to run and operate its cars thereon; that the said Vogel, Boaz, Mayer and Tierney are encouraging, advising and aiding in the work of building the road of the pretended Queen City Railway Company; that the said parties reside in Tarrant county, and the place of business of the said sree railway companies is Fort Worth, in said county.

Wherefore, complainant prays that said Rosedale Street Rail-way Company and said Queen City Railway Company, and said Theo. Vogel, David Boaz, John Tierney and Joe Mayer be at-tached, and required to show cause why they should not be pun-ished for contempt for disobeying said injunction, and that they be required to tear up the track which they have built on said Houston street in violation of said injunction, and restore said Houston street to the same condition in which it was before they disregarded said injunction, and complainant prays for general relief.

JOHN D. TEMPLETON,
J. W. TERRY,
Counsel for Appellant.

The motion was sworn to by W. A. Hoffman as agent of the Fort Worth Street Railway.

On the above motion an order issued requiring the respondents to show cause on April 8, 1887, why they should not be punished for contempt in disobeying the injunction. The answer to the motion, made by the respondents, presented the facts as stated in the opinion, and prayed for their discharge. Evidence was submitted by the parties pro and con, the nature of which is sufficiently indicated by the opinion.

*John D. Templeton* and *J. W. Terry*, for the motion.

*Hunter & Stewart* and *J. C. Scott*, for respondents.

STAYTON, ASSOCIATE JUSTICE.  A controversy having arisen between the Fort Worth Street Railway Company and the Rosedale Street Railway Company as to their respective rights to construct and operate a street railway in the centre of Houston street in the city of Fort Worth, and as to their rights in some other streets, on or before the nineteenth day of August, 1884, both corporations had applied for writs of injunction, the one asking that the other be restrained from constructing and operating its railway on the disputed ground, and to restrain the interference by the one with the work of the other then in progress.

The parties, on the day named, entered into an agreement that the applications for injunction then before the judge should be withdrawn, and that a suit should be brought by the Rosedale Company within thirty days, to have decided the questions at issue between them.   By that agreement arrangements were made by which each company might complete the work commenced by it on the street, after which they were both to cease work until their rights were adjudicated in the contemplated suit.   The agreement also provided for the payment by the successful party for such work as might be done by the losing party.

The contemplated suit was instituted by the Rosedale Company on September 9, 1884.   On September 17, 1884, applications for injunction, made by both companies, were pending, and on that day a writ was directed to issue restraining the Rosedale Company from doing any more work on Houston street.   After reciting the fact that both companies were seeking injunctions, the order of the court is as follows: "And that for good and sufficient reasons, to wit, the agreement of the plaintiff and defendant, a full hearing herein is postponed until the twenty-sixth instant.   It is, therefore, considered and ordered that this cause be set for hearing on said twenty-sixth instant; and that the injunction now granted the Fort Worth company remain in force *only* until the hearing of this cause, is had in accordance with the terms and stipulations of said agreement, between the defendant and plaintiff, dated, as above stated, August 19, 1884."

The cause was tried on May 16, 1885, and resulted in a judgment in favor of the Rosedale company, in which its right to

occupy the parts of streets claimed by it was established, and the rights of both companies under the agreement before referred to were adjusted. The restraining order issued in favor of the Fort Worth company was dissolved by the decree and it was perpetually enjoined from interfering in any manner with the Rosedale company's use of the parts of streets which it claimed the right to use. From that judgment the Fort Worth company prosecuted an appeal, having executed a supersedeas bond.

This proceeding is an application by the Fort Worth company to require the Rosedale company, another corporation, and several individuals, to show cause why they should not be held in contempt and punished by this court for alleged violation of the restraining order granted in favor of the Fort Worth company, and before referred to, which it is claimed was continued in force by the appeal. The grounds on which the violation is claimed need not be stated.

It is urged that the appeal has the effect to continue in force the restraining order of September 17, 1884, and if this is not true it is unnecessary to consider the other questions involved. In Williams v. Pouns, 48 Texas, 141, it was held that an injunction in full force when a final judgment dissolving it was entered, remained in force while the judgment was suspended by an appeal under a supersedeas bond. This ruling was followed in the case of Railway Company v. Railway Company, 2 Southwestern Reporter, 199. Is such a case now presented?

The restraining order and writ that issued under it fixed a period at which it should cease to be operative. It shall "remain in force *only* until the hearing of this cause" was the judicial determination which brought it into existence. It could live so long and no longer, unless by some subsequent judicial action it was revivified. It required no decree to dissolve it when the fact transpired which limited its duration; and that a formal order was entered dissolving it in no way affects the question before us. Appeals under supersedeas bonds suspend judgments pending the appeal, and orders made during the pendency of an action, though interlocutory in character, may, when they affect the merits of a cause, be revised after a final judgment.

In the matter before us, the trial court refused to grant a restraining writ to continue in force until the court should afterwards judicially determine that it should be vacated, but gave a writ to determine at a certain time. On the appeal prosecuted, this court would not revise the action of the district court in this

respect, and an order which can not be revised will not be affected by an appeal.

The court below evidently conceived that, on the hearing of the case, it could be better ascertained whether the Fort Worth Company would be entitled to a further restraining order or writ, and had full power on that hearing to award such relief or to deny it. If it erred in denying it on the hearing, that could be revised on appeal; but by an appeal a restraining order or writ which had ceased to be operative by its own terms, could not be brought into existence. As was said in Dair v. Ely, L. R., 3 Equity, 509: "It will be open, however, for the defendant, when he is charged with having created a breach of the order, to show that he has complied with it so long as it was in force, but that the order carried on its face the period of its duration, and that, as that period had expired, there is no order which he could be guilty of infringing."

The rule that an appeal from a final judgment dissolving an injunction will continue it in force in cases in which the only relief sought is an injunction, may often operate harshly, if not oppressively; and we are of the opinion that it ought not to be so extended as to reach cases other than those to which it has been applied in this State.

It not appearing that the respondents have violated any existing order or writ, the rule to show cause will be discharged and the application dismissed, the respondents to recover from the complainant all costs in this behalf.

It is so ordered.

*Rule discharged and application dismissed.*