## R. I. LEE v. JOHN H. BROOCKS.

### Decided June 16, 1908.

**Injunction—Appeal—Effect.**

An injunction in force when an order dissolving it is entered, remains in force pending an appeal under a supersedeas bond; otherwise, under a cost bond. A petition for injunction to restrain the sale of land under an execution, upon the ground that an appeal was pending from an order dissolving an injunction previously granted by a judge of a different county, to stay said execution, considered, and held insufficient in that it failed to aver that the appeal from the order dissolving the prior injunction was by a supersedeas bond.

Appeal from the District Court of Liberty County. Tried below before Hon. W. B. Powell.

*G. H. Pendarvis,* for appellant.—The injunction herein appealed from is based upon the contention that the injunction formerly granted by the District Court of Orange County, and afterwards dissolved by it, is still in force by reason of an appeal from the order of dissolution. The injunction granted by the Orange court was void for want of jurisdiction in the court which issued it, and hence can not be a valid ground for the injunction herein appealed from. Rev. Stats., art. 2996; Seligson v. Collins, 64 Texas, 314; Adoue v. Wettermark, 22 Texas Civ. App., 545; Ellis v. Harrison, 24 Texas Civ. App., 13; Black on Judgments (2d ed.), sec. 218.

The court erred by making said order and granting said injunction, in holding that the appeal of the said John H. Broocks, without 'supersedeas, from the order of the District Court of Orange County dissolving the injunction previously granted by said court, had the effect of suspending said order of dissolution and keeping said injunction in force pending the appeal. Rev. Stats., art. 1404; Moore v. Moore, 59 Texas, 54; Griffin v. State, 87 S. W., 156.

No brief for appellee.

McMEANS, ASSOCIATE JUSTICE.—On April 28, 1908, appellee Broocks presented to the Hon. L. B. Hightower, Judge of the District Court of Liberty County, in chambers, his sworn petition alleging, in substance, that in 1904 the appellant Lee recovered in the District Court of Liberty County a judgment against appellee foreclosing a vendor's lien on certain tracts of land in Liberty County, and that the First National Bank of Beaumont also, in the same proceeding, recovered a judgment foreclosing a junior lien on said lands, and directing the issuance of an order of sale, etc.; that thereafter, in November, 1907, appellee filed a suit in the District Court of Orange County against the appellant and the First National Bank of Beaumont, alleging, in substance, that he had paid the judgment against him in favor of said bank, and that appellant and said bank were apparently seeking to collect from appellee the amount of the judgment in favor of said bank, which had been fully paid. That on the presentation of the petition in said case to the Hon. W. B. Powell, District Judge of Orange County, he granted an injunction returnable to the District Court of Orange

County, restraining the enforcement of the judgment of the District Court of Liberty County, pending the trial of the suit in Orange County, and that thereafter, on motion of appellant, said injunction was by the said District Judge, W. B. Powell, dissolved; "whereupon appellee Broocks gave notice of appeal and duly filed his appeal bond, conditioned as required by law, and removed the said order dissolving said injunction to the Court of Civil Appeals for the First Supreme Judicial District of Texas, within the time provided by law, and that said cause is now, and has been for some time, pending in said court without a decision thereon;" that "by reason of having appealed from the order of Hon. W. B. Powell dissolving said injunction, said injunction is now, has at all times, and will be, in full force and effect until its final dissolution by the Court of Civil Appeals and the Supreme Court;" that the said Lee, in defiance and contempt of the orders of said Powell, did, on the 6th day of April, 1908, cause pluries order of sale to be issued out of the District Court of Liberty County, which was delivered to Lee Cherry, sheriff of that county, who on said day, in pursuance of said order of sale, levied upon said land and advertised the same for public sale to satisfy the judgment rendered in Lee's favor in the District Court of Liberty County, and, unless restrained, would sell said land in defiance of the injunction. He prayed for an order restraining the sheriff from proceeding further under the order of sale and requiring its return to the district clerk who issued it, and restraining the said sheriff and E. B. Pickett, clerk of the District Court of Liberty County, and Lee and his attorney, and each of them, from procuring or attempting to procure any order of sale, execution or other process for the sale of the land under and by virtue of the judgment of the District Court of Liberty County, until his appeal from the order dissolving the injunction granted by Judge Powell is finally decided. The injunction was granted in the terms of the prayer, and from this order Lee, the appellant, prosecutes this appeal.

Whether the District Judge of Liberty County was authorized to grant the injunction depends on whether the appeal from the order of Hon. W. B. Powell, dissolving the injunction theretofore granted by him, suspended the order of dissolution pending the appeal. It is well settled law in this State that an injunction in full force when a judgment dissolving it was entered remains in force while the judgment is suspended by an appeal under the supersedeas bond. Williams v. Pouns, 48 Texas, 141; Gulf, etc., Ry. v. Fort Worth, etc., Ry., 68 Texas, 105; Fort Worth Ry. v. Rosedale Ry., 68 Texas, 168.

It seems to be equally well settled that a judgment dissolving an injunction is not suspended pending an appeal therefrom under a cost bond. Moore v. Moore, 59 Texas, 54; Griffin v. State, 87 S. W., 156.

To entitle him to the relief sought it was incumbent upon the applicant, appellee here, to allege in his petition that the order of Judge Powell, dissolving the injunction restraining the execution of the judgment of the District Court of Liberty County, had been suspended by the appeal from that order. This could be done only by a sworn allegation that this appeal was under a supersedeas bond, and in the absence of such an averment the petition wholly failed to state facts authorizing the granting and issuance of the injunction.

The District Judge being without authority to grant the injunction, this court will here render such judgment as should have been rendered in the court below, and it is therefore ordered that the order and judgment granting the injunction be reversed and the cause dismissed.

*Reversed and dismissed.*

Writ of error refused.