This was a suit by Haley against Walker in the district court of Brewster county, Tex., in which a *Page 167 
preliminary injunction was issued against Walker On September 14, 1911, the case was heard upon its merits, and said injunction was made permanent and perpetual. The defend ant gave notice of appeal in due time, and before the expiration of 20 days from the date of said final judgment, filed his supersedeas bond for appeal to this court.
In the final judgment referred to, the said J. W. Walker was perpetually enjoined from taking possession of any part, or interfering with possession and enjoyment by plaintiff L. Haley, of certain land in Brewster county, Tex. Said injunction also mandatorily commanded that the said Walker, within 30 days from the date of said judgment, remove the fence erected by him on the north line of said land; and it also perpetually enjoined him from erecting any fence on said land. The amount of the supersedeas bond was fixed in the judgment by the court at $500, and was filed in accordance therewith within the time stated.
In this proceeding, the relator filed a verified motion, or application, showing that the time within which the respondent was ordered to remove said fence expired on the 14th day of October, 1911; that the respondent has refused to remove said fence, has refused to give possession to relator, but is using said land and pasturing goats and cattle thereon, and refuses to give relator possession thereof. The prayer of the application is "that this court issue such orders and documents as the premises require, to the end that the jurisdiction of this court may be enforced and that the appellee (relator) may have the rights and benefits accruing to him under said judgment and order of the district court of Brewster county, Tex., which order and judgment of the said district court now is the order and judgment of this court."
It will be noted that this application consists only of the described application, verified by the affidavit of the relator, a certified copy of the judgment of the district court in Brewster county, a certificate of the district clerk of that county, showing when the court began and when it adjourned, and a certified copy of the supersedeas bond given by respondent. There is, perhaps, some question of whether the matter can legally be called to our attention in this way. We construe it to be an application for proceedings in contempt against respondent, and it may be that we have original and not appellate jurisdiction of such proceedings; but we do not find it necessary to decide this question, as we are denying the application and refusing any action by this court, either in contempt proceedings or otherwise, on this application.
We are of the opinion that, as the injunction was perpetuated on final hearing of the merits of the case, and as it is to some extent mandatory, the supersedeas bond given by the respondent stayed the injunction, and the same will remain held up until the decision of the case on the appeal.
The relator bases his contention apparently on the case of the Ft. Worth Driving Club v. Ft. Worth Fair Association, 121 S.W. 214. That was a case in which the appellant had leased of the appellee certain grounds, with the provision in the lease that no intoxicating liquor should be sold there. The lessee having violated this provision, the lessor applied to the district court for an injunction, and, on preliminary hearing, was granted an injunction, prohibiting the lessee from selling intoxicating liquors on said grounds, from which order the lessee, under the act approved April 16, 1907, authorizing appeals from orders either granting or dissolving temporary injunctions (General Laws 1907, p. 206), appealed, giving a supersedeas bond. Upon the continuation of the sale of intoxicating liquors, application was made to the Court of Civil Appeals at Ft. Worth for contempt proceedings against the lessee. In that cause it was held that the supersedeas bond did not suspend the effect of the injunction, and that the lessee was in contempt, and a fine was assessed against it.
We think, however, that the case mentioned is clearly distinguishable and entirely different from the case at bar, in two particulars: First. That that appeal was from a preliminary, or temporary, granting of an injunction; this appeal is from a final hearing on the merits. Second. That injunction was merely prohibitive; this injunction is in its nature mandatory. Judge Conner, who decided that case, held that article 1406 of the Revised Statutes of 1895, which provides that upon the filing of a supersedeas bond the execution of the judgment shall be stayed, did not apply to the facts he had before him, and that certain cases in this state, which will hereafter be referred to, did not apply, saying: "The decisions referred to, therefore, are not in necessary conflict with the statute quoted; the statute evidently having direct reference to final judgments only, and not to preliminary orders." Again he states: "It can be stated generally that the great weight of authority supports the proposition that it is only where the preliminary order is mandatory — that is, requires affirmative action, performance of specified things — that an appeal with supersedeas suspends the orders." It seems to us, also, that Judge Conner put his decision to some extent on the ground that whether or not a preliminary injunction is stayed by an appeal with supersedeas is governed, not by the statute, but by the general principles and usages of courts of equity.
In the case of Williams against Pouns, 48 Tex. 141, which is, we believe, the leading case in this state, it was held that an appeal from a final judgment dissolving injunction, with supersedeas bond, keeps the *Page 168 
injunction in force. This case is sometimes carelessly said to support the contention that an appeal with supersedeas from a final judgment granting an injunction continues the injunction in force. A moment's thought, however, will show that the effect of the decision is exactly the opposite — that is to say, the final judgment being one dissolving the injunction, the judgment but for the supersedeas would terminate the injunction; and to hold that the injunction continues in effect is to hold that the supersedeas continues the status quo. This case was followed in Railway v. Railway, 68 Tex. 98, 2 S.W. 199, and Railway v. Railway, 68 Tex. 98, 3 S.W. 565; both decisions being by the Supreme Court, and as we read the decision by the holding of our Supreme Court in the case of Waters Pierce Oil Company v. State, 106 S.W. 330, where, in determining whether the appointment of a receiver could be made effective pending an appeal with supersedeas, Judge Brown holds that the supersedeas stays the judgment appointing the receiver, quotes the statute referred to, and continues as follows: "This is plain language that cannot be misconstrued, because its meaning is as definite as could be expressed to the effect that when the appellant, or plaintiff in error, complies with the law, the judgment cannot be enforced during the pendency of the appeal."
It is this particular reasoning that brings us to the result we arrive at in this case. In other words, the statute has said in so many words that on an appeal from a final hearing the giving of a supersedeas bond shall suspend the judgment. It is not, to our minds, a question of whether it is a politic rule of law, or whether to hold that the judgment was not suspended might be more effective in some cases, but simply a question of what is the law.
The case at bar was a final hearing on the merits; it was regularly appealed, with a supersedeas bond; the judgment granted the relator a mandatory injunction and, to some extent, a prohibitive injunction; and, with the statute plainly providing that on an appeal from a final hearing on the merits the judgment shall be suspended, we are unable to do anything but hold that the judgment is suspended.
It follows that if relator's judgment, granting him an injunction, is suspended pending respondent's appeal, the injunction is stayed; therefore the respondent's failure to comply with the orders contained in the judgment and by the injunction was not violative thereof, because the same was stayed pending his appeal.
It is therefore ordered that the application of the relator be overruled and denied, and that he pay all costs of this proceeding.