I concur fully in the conclusion reached by the Chief Justice that the relator's motion should be denied, but reach my conclusion by somewhat different process of reasoning. I shall state very briefly the grounds upon which I base my conclusion.
The relator's motion states that a temporary injunction was issued on August 11, 1911, but the exact nature and scope thereof is not disclosed. It will be noted, too, that this contempt proceeding is based upon an alleged violation of the provisions of the final decree, which was entered on September 14, 1911, after hearing upon the merits.
Under the decisions in Williams v. Pouns, 48 Tex. 141, Railway Co. v. Railway Co., 68 Tex. 106, 2 S.W. 199, 3 S.W. 564, Moore v. Moore,59 Tex. 54, Lee v. Broocks, 51 Tex. Civ. App. 344, 111 S.W. 778, it was held that the filing of supersedeas bond would suspend a final decree, dissolving temporary injunction theretofore issued, and the effect of such suspension would be to continue in effect the temporary injunction pending the appeal.
The same rule is recognized in Railway Co. v. Railway Co., 68 Tex. 163,7 S.W. 381, and Riggins v. Thompson, 96 Tex. 154, 71 S.W. 14; but in those cases the temporary injunction by its terms was effective and operative only for a fixed and limited period, and it was held that an appeal by supersedeas from a final judgment dissolving the injunction would not continue the temporary order in effect, because the fixed period had expired, and the order was not, by its own terms, to be effective after such expiration.
The opinion of Judge Conner, in Ft. Worth Driving Club v. Ft. Worth Fair Association, 121 S.W. 214, in no wise conflicts with the authorities cited. The effect of this decision, concisely stated, is that Acts of 1907, p. 206, gives a right of appeal from interlocutory orders granting or dissolving temporary injunctions, but that such orders are not suspended pending the appeal.
In the cases herein first cited, the temporary injunction was dissolved upon final hearing; whereas, in the instant case, relator obtained a perpetual injunction. In my opinion, the fact that relator obtained a perpetual injunction upon the final hearing in no wise affects the application of the rule established in Williams v. Pouns, and other cases cited. It might be contended that the rule would not apply, because the temporary injunction was merged in the perpetual injunction given by the final decree; but, under the authorities cited, the supersedeas bond entirely suspended the final decree, thus operating as a suspension of the merger, which would leave the temporary injunction in force, unless by its terms it would fall within the rule announced in Railway Co. v. Railway Co., 68 Tex. 163, 7 S.W. 381, and Riggins v. Thompson, supra.
Relator's motion herein being based *Page 169 
wholly upon an alleged violation of the perpetual injunction granted by the final decree, from which decree respondent has appealed and filed an approved supersedeas bond, it follows that his motion should be overruled and denied.