JOHN A. PRATT ET AL. V. INTERSTATE SAVINGS & TRUST COMPANY.

Decided December 17, 1910.

Foreign Corporation—Permit to do Business—Pleading.

The issue that a plaintiff foreign corporation had not taken out a permit to do business in this State and therefore could not maintain the suit, can not be raised by demurrer unless the petition shows affirmatively that such plaintiff is engaged in doing business in this State and has not taken out a permit to do so.

Error from the District Court of Taylor County. Tried below before Hon. J. H. Calhoun.

*A. H. Kirby, T. M. Willis,* and *Theodore Mack,* for plaintiff in error.

*Harry Tom King* and *B. K. Isaacs,* for defendant in error.

SPEER, ASSOCIATE JUSTICE.—The following is the only assignment of error presented: "The suit being by a foreign corporation for the recovery of money loaned by it in Texas, as shown by the pleadings, and there being no allegations in said pleadings under which the fact could have been proven that plaintiff had a permit to do business in Texas at the time of the loan, plaintiff could not maintain a suit for the collection of said loan, and the court erred in rendering judgment for the plaintiff against the defendant."

As may be inferred from this assignment, the defendant below has appealed from a judgment in favor of the plaintiff, a foreign corporation, in an action for debt and foreclosure, and the sole question presented is whether or not the petition is sufficient to support the judgment.

A reference to the case of the Panhandle Telephone & Telegraph Company v. The Kellogg Switchboard & Supply Company, 62 Texas Civ. App., 402, and the authorities there cited, will show that the question here sought to be raised, that is, that the plaintiff, a foreign corporation, had not taken out a permit to do business in Texas, can not be raised by demurrer unless the petition shows affirmatively that the plaintiff is engaged in a business interdicted by law, that is, doing business in this State without having taken out a permit to do so. And a careful examination of defendant in error's petition in this case fails to disclose such

a state of facts. But there is not even a demurrer urged in the present case, the sole reliance being upon the proposition contained in the above assignment. There is no statement of facts, and the petition is such that the plaintiff may have established its case in such manner as to be wholly unaffected by our statute regulating foreign corporations.

The judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.