SANDERS et al. v. BLEDSOE. (No. 1418.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 4, 1915.)

1. EXECUTION &#9758;172 — INJUNCTION — FAILURE TO FIX AMOUNT OF BOND AS REQUIRED BY STATUTE—EFFECT.

The action of the judge of the district court in vacation in enjoining a sale under execution was erroneous, where the order did not fix the amount of petitioner's bond, as required by Rev. St. 1911, art. 4650, providing that, in case of injunction to stay execution, the order shall specify the amount of the bond.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. &#9758;172.]

2. EXECUTION &#9758;172—INJUNCTION AGAINST —LACK OF JURISDICTION.

The action of the judge of the district court in vacation in enjoining a sale under execution was improper, where the application was to restrain action by one alleged not to be authorized to demand issuance of execution, while the order was not definite enough to make it clear that the real owner of the claim or his authorized representatives might not be enjoined under it, though he was not a party to the proceedings, and the enforcement of his judgment by execution in future proceedings was not within the authority of the judge under the application.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. &#9758;172.]

3. EVIDENCE &#9758;41 — JUDICIAL NOTICE — TERMS OF INFERIOR COURTS.

Judicial notice will be taken by the Court of Civil Appeals of the terms of the district court for Harrison county.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 56–60; Dec. Dig. &#9758;41.]

4. APPEAL AND ERROR &#9758;1152—DURATION OF TEMPORARY RESTRAINING ORDER AS AFFECTED BY AN APPEAL FROM ITS ISSUANCE.

Under Rev. St. 1911, art. 4644, providing for appeals to Courts of Civil Appeals in suits wherein a temporary injunction may be granted or refused, an appeal from a vacation order, restraining a sale under execution "until fur-

ther orders to be made * * * at the next regular term of this court," was not continued in force by an appeal beyond the time fixed by the judge, so that after that time, there was no need for the appellate court to modify the erroneous order of the judge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4483–4496; Dec. Dig. ☞ 1152.]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Application for injunction by W. F. Bledsoe against John C. Sanders and others. Injunction granted, and respondents appeal. Reversed and remanded.

G. W. Barcus, of Waco, and Lane & Lane, of Marshall, for appellants. S. P. Jones and J. H. T. Bibb, both of Marshall, for appellee.

LEVY, J. The appellee presented an application for injunction, with affidavits in support of same, to the judge of the district court, who in vacation acted on such application and affidavits attached, and granted an interlocutory injunction without any notice upon the opposite party and without fixing or requiring any bond of the applicant. The appeal is made under the statute from such order. The writ was in accordance with the order of the judge. The order of the judge restrained the sale of specific property of the defendant in execution under an execution from the district court of McLennan county, and further enjoined the "employés" of particular parties "from levying upon any property or enforcing or collecting said judgment of the district court of McLennan county." The judge provided the duration of the interlocutory injunction to be "until the further orders of this court to be made in this cause at the next regular term of this court." The fiat of the judge was dated November 27, 1914.

[1, 2] The statute expressly requires the judge to fix the amount of the bond in his order for the injunction, and it is essential to directing the issuance of the writ. Article 4650, R. S. The allegations of the application may have shown equities to authorize the direction of injunction to prevent sale of the specific property through means of the execution procured on the application of one alleged not to be authorized to demand and insist upon its issuance. But the owner of the judgment was not a party to the application, and the future enforcement of the judgment by execution at any time by the owner or its authority was not a subject-matter within the authority of the judge on the application here. And it is not made clear by the wording of the order that the restraint of "employés" of the alleged parties did not include the real owner or its authorized representatives.

[3, 4] It is concluded that the order of the court and the extent of the writ is erroneous. It would serve no purpose for this court to correct and modify the order of the judge. It is apparent from the fiat of the judge that he intended the interlocutory injunction to operate only until the first regular term of court thereafter, perhaps conceiving that on a full hearing under answer it would be better ascertained whether appellee would be entitled to a further restraining order or not. This court judicially knows that the "next regular term" of the district court in Harrison county was in January. Acts 32d Leg. p. 93 (Vernon's Sayles' Ann. Civ. St. 1914, art. 30). And the appeal in this case did not have the effect to continue in force the temporary restraining order beyond the time fixed by the court for its duration. Article 4644, R. S.; Railway Co. v. Railway Co., 68 Tex. 163, 7 S. W. 381; Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14.

The order of the judge is reversed, and the cause remanded for such other and further orders as may be legally warranted.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes