GARITTY et al. v. HALBERT, Mayor, et al. (No. 7747.)

(Court of Civil Appeals of Texas. Dallas. Nov. 6, 1920.)

1. Injunction ⬤➡84 — Courts will not enjoin enactment of ordinances unless it appears irreparable injury will result.

Courts will not enjoin the enactment of city ordinances, valid or invalid, unless it is made clearly to appear that irreparable injury immediately will result from the mere enactment of the ordinance without intervention or attempt to do some act or exercise some privilege under it, and equity will interfere by injunction only when it becomes necessary to restrain some unlawful and injurious act authorized by the ordinance.

2. Injunction ⬤➡85(2)—Equity will restrain exercise of powers granted by void ordinances.

Equity will restrain the hurtful exercise of unlawful powers granted to administrative and ministerial officers of a city by void ordinances, or the doing of any act injurious to a complainant under such ordinances.

3. Injunction ⬤➡181—Limitation on period of operation rendered restraint self-terminating on final judgment.

Injunction against mayor and other officers of a city restraining them from levying or assessing any tax on the property of plaintiffs under a claimed amendment to the charter, in view of the restriction and limitation on the period of its operation written into the injunction with deliberate design by the judge who granted it, held self-terminating and brought to an end when final judgment was rendered in suit to contest the election amending the charter and for injunction, so that after such date it had no effect.

4. Injunction ⬤➡153—Judge may restrict operation by statute within fixed period or contingent on future event.

Vernon's Sayles' Ann. Civ. St. 1914, art. 4650, authorizes the judge granting a temporary writ of injunction to limit its operation to a fixed period or a period to terminate on happening of a subsequent event at a future date not definitely fixed.

5. Injunction ⬤➡180—Restraining order limited in extent of life not extended by supersedeas bond.

Where a restriction in an injunction limited the extent of the life thereof to the date of the further order of the district court of the county, filing of supersedeas bond by plaintiff appellants in the suit did not suspend the final decree and continue the temporary injunction in effect pending the decision of the Court of Civil Appeals.

Suit by James Garitty and others against J. L. Halbert, Mayor, and others. From judgment for defendants, plaintiffs appeal, and institute original proceeding against defendants for contempt, or supplemental order, and for mandamus. Motion of plaintiff appellants overruled.

Richard Mays, W. W. Ballew, and J. F. Stout, all of Corsicana, for appellants.

Callicutt & Johnson, of Corsicana, for appellees.

HAMILTON, J. On May 18, 1920, an election was held in the city of Corsicana for the purpose of determining whether or not the charter of that city, as adopted on December 11, 1917, should be amended. The ballot provided for use by the voters at the election was embodied in the following language:

"Shall the charter of the city of Corsicana as adopted on December 11th, 1917, for the government and management of the affairs of the said city, be amended by amending sections 41 and 45, so as to authorize the commission of said city to levy a tax of two and one-half per cent. on the one hundred dollars assessed valuation of all property in said city of which amount not exceeding 75 cents on the one hundred dollars shall be for the support and maintenance of the public free schools of said city, and not exceeding five cents on the one hundred dollars assessed valuation of all property in said city may be for the establishment, maintenance and support of the free public library?"

The result of this election was declared by the city commission of Corsicana to be in favor of the proposed amendment to the city charter submitted to the voters in the above-described ballot. Subsequently, on June 12, 1920, James Garitty and 26 other tax-paying residents and citizens of Corsicana filed a contest of the election in the district court of Navarro county, Tex., contesting the election upon grounds (according to the statements of the respective parties to this proceeding) specified in the petition for contest by allegations of illegalities, improprieties, and irregularities. In addition to and in connection with the petition contesting the election, appellants tendered a petition for an injunction against the mayor, the city commissioners, and the tax assessor and collector of Corsicana, asking that they be restrained from levying or assessing any tax, the right to levy and collect which might be asserted by virtue of the declared result of said election.

Appellants alleged in their petition for injunction that the amendment submitted contained more than one subject and that the different subjects submitted were combined upon the ballot into a single proposition, so that the ballot thus formed and supplied to the voters required each voter to vote either in favor of or against all subjects so submitted, and at the same time precluded them from voting for one subject and against another, if they so desired. The allegation of the submission of different subjects of amendments in this manner is declared by appellants to be material and alone sufficient

to authorize the issuance of a writ of injunction, because this manner of submitting amendments is violative of that portion of article 1096b of Vernon's Sayles' Revised Statutes providing that each and every amendment of city charters submitted at an election must contain only one subject and that the ballot shall be prepared so that the voters may vote for or against any amendment, without in so doing at the same time voting for or against all the amendments.

Appellants verified petition was presented to the judge of the Seventy-Seventh judicial district; the resident judge of the Thirteenth judicial district, comprising Navarro county, being absent from his district, and appellants showing, in conformity with the requirements of article 4643, Rev. Civ. Stats., his absence and inaccessibility. Upon presentation of the petition to the judge of the Seventy-Seventh judicial district he indorsed thereon his order as follows:

"Fairfield, Texas, June 10, 1920.

"The foregoing petition being presented to me on this date, and it being made to appear by affidavit accompanying said petition that the Honorable H. B. Daviss, judge of the Thirteenth judicial district of Texas, is absent from Navarro county, and that his present whereabouts is unknown, and that the plaintiffs cannot by ordinary and available means and mode of travel reach or communicate with him in time to effectuate the purposes of the writ of injunction sought, the petition is therefore now here duly considered:

"Wherefore, it is ordered that the clerk of the district court of Navarro county, Tex., upon plaintiffs filing a good and sufficient bond, in the sum of $25,000, conditioned and payable as prescribed by law, to be approved by said clerk, will issue a writ of injunction as herein prayed for, enjoining and restraining the defendants J. L. Halbert, in his capacity as mayor of the city of Corsicana, and W. M. Peck, N. F. Garrett, John S. Murchison, and J. L. Marshall, as commissioners of said city of Corsicana, from levying or assessing any tax upon the property of plaintiffs herein, and upon the property of those for whom they sue, under and by virtue of a claimed amendment to the charter of the city of Corsicana of date May 18, 1920; that is to say, said defendants are enjoined from levying or assessing any tax upon property of the contestants and those for whom they sue other than that which they were by law authorized to levy and assess prior to May 18, 1920; and further enjoining the defendant Geo. W. Boyd, tax assessor and collector of the city of Corsicana, Tex., from attempting to assess or collect any tax upon the property of contestants and those for whom they sue, within the city of Corsicana, Tex., under and by virtue of authority claimed by the city charter of the city of Corsicana, Tex., of date May 18, 1920, until the further order of the honorable district court of Navarro county, Tex.

"The clerk of the district court of Navarro county, Tex., will embody in the writ issued a true copy of this order, and the sheriff of Navarro county, Tex., will serve the parties herein named with a true copy of said writ, and make due return thereof as required by law."

The bond required in this order was executed and filed, and the order thereupon became operative.

Following all the foregoing, the appellees all seem to have been served with citation and notice, and, after they had filed answers, the whole case was tried finally at a regular term of the district court of Navarro county, and final judgment was rendered to the effect that appellants take nothing by their suit and that appellees and the officers of the court recover their costs against appellants and their sureties on the injunction bond.

An appeal from the final judgment has been perfected, but the record has not been completed and filed in this court.

The above-recited steps having been taken in the case and jurisdiction having been lodged in this court, appellants have now instituted an original proceeding before us, the purposes of which are: First, to cause appellees to be cited for contempt, and punished for violation of the injunction issued by the district judge of the Seventy-Seventh judicial district; second, to obtain here a supplemental order requiring them to respect said injunction and also to respect the jurisdiction of this court; and, third, to obtain a mandamus requiring the mayor and the city commissioners to vacate and set aside a certain ordinance, passed after the perfection of the appeal to this court, by which an attempt has been made to levy a tax under and by virtue of the amendment to the charter claimed by appellees now to be in effect so as to authorize the tax levy.

Appellants take the position that a supersedeas bond has been filed below by them, and that the effect of filing such bond is to suspend final judgment of the district court of Navarro county and put the case within this court's jurisdiction with the injunction order above quoted still continuing in force and as effectually restraining appellees as if no final judgment, the effect of which was to dissolve the injunction, had been entered.

Appellees having responded to a vacation order made by this court, requiring them to show cause why the motion filed by appellants should not be complied with, answer and proffer as primary reasons why it ought to be denied altogether these two contentions:

First, that no proper and sufficient supersedeas bond has been filed, because the amount of the bond relied upon by appellants was not fixed by any order of the district judge, and that, as our action must be governed by the authority of the decisions in this state controlling the manner of making supersedeas bonds on appeal in suits of this nature, we are precluded from entertaining the motion, because those decisions require and pro-

vide that the amount of such supersedeas bonds must be fixed by the trial judge.

Second, they say in answer to appellants' motion that the injunction was by its own very terms limited and restricted so that it would terminate at the time the final judgment was entered by the district court of Navarro county, and that, therefore, at the time the final judgment was entered it became inoperative by virtue of such limitations embodied in it by its author.

Counsel for the respective parties to this proceeding vigorously and elaborately argue the issue made as to whether or not the proceedings in connection with the appeal bond filed below reflect before us all such steps as are necessary to constitute the bond a valid supersedeas bond. But we deem it unnecessary to the disposition we must make of the motion to express any opinion upon the merits of this proposition, and accordingly we pass over it, assuming for the purposes of our treatment of appellants' motion that the case is brought to this court upon a valid supersedeas appeal bond. Its validity is unimportant, because the result of our action could not be affected by any conclusion at which we might arrive with reference to its adequacy as a supersedeas bond.

We think the motion ought to be disposed of entirely in terms of the construction to be placed upon and the effect to be given the language of the injunction itself.

At the outset a proposition not presented in the briefs and arguments suggests itself to us, and that is whether or not the injunction is void in so far as it attempts to restrain the mayor and city commissioners from levying a tax by the legislative act of enacting an ordinance. If it is void in this respect there could be no violation of it, and, although courts should zealously compel compliance with their valid orders and judgments, there could be no contempt to arise from acts of the mayor and city commissioners committed in disregard of the restraint attempted to be placed upon them.

[1, 2] We think the universal rule to be derived from court decisions and other authorities is that courts will not enjoin the enactment of ordinances, either valid or invalid, unless it is made clearly to appear that irreparable injury will immediately result from the mere enacting the ordinance without the intervention of an attempt to do some act or exercise some privilege under and by virtue of it; and that equity will interfere by injunction only when it becomes necessary to restrain some unlawful and injurious act authorized by such ordinance. This is because there can be no judicial interference with acts within the legislative scope of municipal powers delegated by the Legislature. To say the least, the great weight of authority supports the view that a court of equity will not interfere with the strictly legislative processes of a municipal corpora-

tion even where it is alleged that they are unconstitutional and void; but, on the other hand, equity will restrain the hurtful exercise of unlawful power granted to administrative and ministerial officers by void ordinances, or the doing of any act injurious to a complainant under such ordinances. City of Cleveland v. Cleveland Ry. Co., 194 U. S. 517, 24 Sup. Ct. 756, 48 L. Ed. 1102; Stephens v. St. Mary's Training School, 144 Ill. 336, 32 N. E. 962, 18 L. R. A. 832, 36 Am. St. Rep. 438; Alpers v. San Francisco (C. C.) 32 Fed. 506; Lewis v. Denver City Water Works, 19 Colo. 236, 34 Pac. 993, 41 Am. St. Rep. 248; Cicero Lumber Co. v. Cicero, 176 Ill. 9, 51 N. E. 758, 42 L. R. A. 696, 68 Am. St. Rep. 155; Spring Valley Waterworks v. Bartlett et al. (C. C.) 16 Fed. 615; Albright v. Fisher, 164 Mo. 56, 64 S. W. 106; 2 High on Injunctions, § 1243; 2 Dillon on Municipal Corporations (5th Ed.) §§ 308 and 650.

The distinction inhibiting injunctions against the enactment of ordinances and authorizing the restraint of an unlawful act under a void ordinance after its enactment is completed has been recognized by this court in the following language in the case of Hatcher v. City of Dallas, 133 S. W. 921:

"The appellees insist that their general demurrer to the petitions of the appellants was properly sustained because it affirmatively appears from said petitions that appellants are seeking to have a court of equity interfere and in advance restrain the exercise by a municipal corporation of powers that are legislative in their character. It is well settled that, where the functions of the governing body of a municipal corporation are purely legislative or political, its action cannot be interfered with by a co-ordinate branch of the government; that courts will not enjoin the passage of an ordinance upon a matter within the legislative discretion of such body."

The rule is also recognized by the Supreme Court of Texas by the use of the following language in the case of City of Dallas v. Consolidated Street Ry. Co., 105 Tex. 342, 148 S. W. 294:

"It might as well be argued that a court of equity may enjoin the Legislature from enacting an unconstitutional statute, or the presiding officer of either branch of the Legislature from canvassing the vote of such body thereon and declaring the result, or the Governor from approving it. Instances may occur when a Legislature will usurp judicial or executive power and attempt legislation which it is wholly without authority to enact, just as it is here contended that this electorate was without authority to enact this ordinance. But in such case would it be contended that the courts were clothed with the power to enjoin such legislation or acts necessary to its completion as such? Such a proposition can no more be maintained than would such a perversion of judicial power be tolerated. The political power of the state may not be thus transferred to

the courts. They are neither designed to exercise that power, nor equipped to control it. They exist only to give effect to the judicial power of the government, and to maintain and administer its judicial authority. To interfere with the enactment of legislation is not within their province. Their remedies lie ready but at rest until proper occasion demands their use. *They are not available against void legislation enacted under color of authority until its enforcement, as distinguished from its enactment, is attempted or threatened to the destruction or impairment of property rights.* [Italics ours.] Until then in the eyes of the law there is no invasion of such rights; and without such invasion of rights there can be no lawful exercise of judicial authority.

"The law does not assume that sworn officials will attempt the enforcement of an invalid law. Its presumption is to the contrary, and it therefore awaits such attempted or threatened enforcement before it moves at the instance of parties in interest. If this ordinance is a nullity, as is here contended by the defendant in error, the canvassing of the returns of this election will not quicken it with life and virtue. At all events it is not a binding enactment until its enactment is completed, and until it is a binding enactment it retains its relationship to the political power, and is immune from the process of judicial authority."

[3] Conceding, however, that the injunction was valid and effectual when it was granted, we nevertheless think that the restriction and limitation upon the period of its operation written into it with what appears to be cautious and deliberate design by the judge who granted it made it self-terminating and brought it to an end when the final judgment of the district court of Navarro county was rendered, so that after that date it had no effect.

The order granting the injunction restrained the defendants from levying or assessing or attempting to levy and assess, etc., any tax, upon any property of contestants and those for whom they sue, under and by virtue of authority claimed by the city charter of the city of Corsicana of date May 18, 1920, until the further order of the district court of Navarro county, Tex. We can give the qualifying phrase "until the further order of the district court of Navarro county, Tex.," no interpretation which makes its meaning different from that which it generally and commonly must be understood to be, which is "up to the time of the judgment of the district court of Navarro county and not beyond that time."

[4] Articles 4650 and 4651 of Vernon's Sayles' Rev. Civ. Statutes prescribe regulations for the action of judges upon applications for preliminary injunctions. Articles 4650 and 4651, Vernon's Sayles' Civ. Stats. Article 4650 is as follows:

"If, upon the inspection of such petition, it shall appear to the judge from the facts stated therein that the applicant is entitled to the writ, he shall indorse on such petition or annex thereto his written order directing the clerk of the proper court to issue the writ of injunction prayed for, upon such terms and under such modifications, limitations and restrictions as may be specified in said order; and the judge shall also specify in such order the amount of the bond to be given by the applicant as a prerequisite to the issuance of the writ. If the injunction be applied for to restrain the execution of a money judgment or the collection of a debt, the bond shall be fixed in double the amount of such judgment or debt."

This statute plainly authorizes the judge granting a temporary writ of injunction to restrict its operation to within a fixed period of time or to a period of time which is to terminate upon the happening of a subsequent event at a future date not definitely fixed by the order. Furthermore, if there could be any doubt that the language of the statute comprehends giving authority to the judge who issues a preliminary or temporary injunction to restrict its duration until the making of still another order in the case at some future time, that doubt has already been eliminated by the decisions of our courts construing the statute to the above effect, and measuring orders for temporary injunctions containing language limiting them similar to that under consideration, by the standard of its provisions for restrictions and limitations. Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14; Ex parte Zuccaro, 106 Tex. 199, 163 S. W. 579, Ann. Cas. 1917B, 121; Sanders et al. v. Bledsoe, 173 S. W. 539; Ford v. State, 209 S. W. 490.

[5] Counsel for appellants in a most thorough and resourceful argument seeks to make the case of Williams v. Pouns, decided by our Supreme Court, 48 Tex. 144, and other decisions bottomed upon it, applicable and controlling in the instant case, and ably argues that the effect of the filing of the bond designated supersedeas bond operated to suspend the final decree and continue the temporary injunction in effect pending the decision of this court, contending that those decisions rule this case to that effect. We cannot concur in this view, because the case of Williams v. Pouns and those following it do not apply, we think, nor in any way involve the controlling point here, which is the effect of the restriction in the injunction fiat limiting the extent of its life to the date of the further order of the district court of Navarro county. The Williams v. Pouns Case decides that an injunction in full force and effect when the final judgment dissolving it was rendered, from which judgment an appeal is prosecuted, remains in effect during a supersedeas appeal. But that case does not undertake to determine whether or not a temporary injunction containing within its own terms a time limit to its existence—a limit placed there in the exercise of specific statutory authority—shall perforce of its own

terms expire upon running the course, the end of which is fixed by such limit. No such question was, in any way, involved there and hence could not be determined.

The temporary injunction in this case came to an end by reason of its own terms when the district court of Navarro county entered a final judgment. It then ceased to exist by virtue of the original order itself and not by virtue of the judgment then entered. It could continue no longer and a supersedeas bond on appeal from the final order could not remove the limitation written into it and operate to extend its duration beyond the end of the period thereby fixed.

Holding the views above expressed, the court is of the opinion that appellants' motion cannot be sustained, and it is accordingly overruled.

Motion overruled.