## LOTZ v. LOTZ.
### No. 11677.

Court of Civil Appeals of Texas. Galveston.
Oct. 26, 1944.

P. R. Rowe and A. Milton Vance, both of Houston, for petitioner.

Troy T. Stokes, of Houston, for respondent.

GRAVES, Justice.

This is an original application to this court for a writ of mandamus (or mandatory injunction), filed herein October 11, 1944, by the petitioner, pursuant to this court's order on her motion No. 13153 herein, granting her the privilege of such filing.

In such petition she seeks, in the main, this relief: "Petitioner prays that this court grant and issue a writ of mandamus or mandatory injunction forthwith and that the said Trudy Lotz and William E. Lotz, minors, be brought without delay before this court to the end that the said minors may be discharged from the illegal confinement, custody, and restraint, in which they are held by respondent, and that the custody of the said minors be awarded to petitioner, pending determination of her appeal of said Cause No. 305759, and that the status quo existing at the time of the rendition of final judgment in said cause No. 305,759 be restored, and that process be ordered to issue from this court. * * * And she prays for all relief, which, under law and equity, she may be entitled to receive under the facts herein alleged, including, but not limited to, the issuance of such mandatory injunctions, or other orders, as may be necessary to enforce the decree to be entered by this court in this proceeding."

Such application is grounded alone upon petitioner's contention that an order of the Eleventh District Court of Harris County in such cause therein, No. 305759, granting her a temporary injunction, of date July 12, 1944, vested custody of the two minor children named in her application in her "until the final hearing of such suit No. 305759", which order was not appealed from by any party thereto; and that, since such order so giving her the ad interim custody was never modified nor changed by that court until such cause was tried on its merits thereafter, to-wit, on the 18th day of September, 1944, at which time petitioner was granted a final divorce from the respondent in this mandamus proceeding, but the custody of such minors was therein then vested in him and on the day following the entry of that judgment, to-wit, on the 19th day of September, 1944, she perfected an appeal from that final judgment of the trial court and duly superseded the same, pursuant to Article 2270, Vernon's Texas Annotated Civil Statutes, she, by virtue thereof, remained still the authoritative custodian of such minors, but has been ousted from that position by the illegal acts of the respondent, her former husband, in having procured his own repossession of the custody of such minors through an order of the present judge of such Eleventh District Court, directing the Probate Department of Harris County, Texas, to take possession of them from her and deliver them to their father, respondent, William Lotz; that such order has been carried out, the children duly delivered to him, and that he retains and secretes them, to the exclusion of such petitioner, as well as in derogation of the jurisdiction of this court, and, deprives it of power over that much of the subject-matter thereof, on the forthcoming appeal to it by her of the final judgment of the court below in such cause No. 305759.

On consideration of the application, this court has permitted the petitioner herein to file her affidavit on October 19, 1944, affect-

ing the alleged proceedings with reference to the deprivation of herself of the custody of the minor children by the Probate Department of Harris County; it has also had access to the record now on file in this court, under No. 11676, of the petitioner's appeal from the trial court's final judgment in cause No. 305759 in the trial court, so granting the final custody of the minors to the respondent herein.

This court fails to perceive that its jurisdiction to hear such appeal in No. 11676, upon its docket, when in due course it shall have been reached, is either being jeopardized, or has been in any way lessened, interfered with, or impinged upon, by the proceedings of which the petitioner so complains.

It concludes, rather, that she misconstrues the temporary injunction so granted her by the trial court on July 12, 1944, in that it did not, as she contends, grant to her a status quo in the custody by herself of the minors, to which she had a right at any time prior to the final termination of that cause to have restored; but that, on the contrary, its terms were self-terminative upon the face thereof, being in hæc verba as follows: "The court is of the opinion that a temporary injunction should issue and remain in effect until final hearing hereof, or until further orders of this court, and it is so ordered."

That being true, the trial court thereby retained a continuing jurisdiction over the custody of the children throughout the transitory period between the entry of that order of temporary injunction, on the 12th day of July, 1944, and the 18th day of September thereafter, when it finally merged that order into its permanent decree vesting the custody in the respondent herein. Garitty v. Halbert, Mayor, Tex.Civ.App., 225 S.W. 196; Fort Worth St. R. Co. v. Rosedale St. R. Co., 68 Tex. 163, 7 S.W. 381.

Indeed, the records before this court further show that the petitioner herself meanwhile, between the dates of the temporary injunction on July 12, and the final trial of the same cause on September 18, 1944, so construed the intervening status of the custody of the children, by herself filing in such court, on August 24, 1944, her motion for an adjournment, postponement, and continuance of this cause in order that she might present further evidence as to the proper custody of the children, which the court overruled, and to which action she in open court excepted. Thereafter, on August 27, 1944, she filed a motion for a new trial "in this cause", which, at that date, necessarily meant the cause affecting the custody of the children under the status of the temporary injunction as of that date; that motion was not presented to nor considered by the trial court until the 18th day of September, 1944, when it was overruled, as its judgment recites, "prior to the signing and entry of the final judgment in this cause."

It is true that another order of the trial court, which the petitioner attacks as being wholly void, in terms recited that the court had theretofore given the minors to the custody of the foster father, William Lotz, and that it had been brought to its attention that the petitioner herein had "failed and refused to deliver the possession of said minors to the father, William Lotz, and disregarded the pronouncement and judgment of this court", and, in consequence, ordering the Probate Department of Harris County to take immediate possession of the minors, did not bear on its face any date.

But the context of the proceedings shows that such order should be construed to have had reference to the temporary custody of the children, prior to the final trial of that cause on its merits, and was only in furtherance of such continuing jurisdiction over their custody, in the exercise of which, as indicated, the petitioner herself had so acquiesced, by her own recited proceedings to recover back meanwhile that custody for herself.

That the court had such power would seem clear from the provisions of Articles 4639 and 4639a, Vernon's Texas Annotated Civil Statutes.

It follows from these conclusions that the writ sought should be denied; it will be so ordered.

Mandamus refused.