## LOTZ v. LOTZ.

### No. 11676.

Court of Civil Appeals of Texas. Galveston.

Jan. 18, 1945.

Rehearing Denied Feb. 15, 1945.

A. Milton Vance, of Houston, for appellant.

Troy T. Stokes, of Houston, for appellee.

CODY, Justice.

This is a divorce suit, filed by appellant, Helen Lotz, hereafter called plaintiff, against appellee, William Lotz, hereafter called defendant. The cause alleged was cruel treatment. Plaintiff also sought custody of the two minor children, who were adoptive. The boy was four and the girl six. Plaintiff also asked for a division of the community property with a receiver to sell any property incapable of division in kind, and asked for $250 attorney's fees. She also prayed for an injunction to restrain defendant from molesting her, and from removing the children from her custody. The requested restraining order was granted pending further orders, after hearing.

Defendant answered, and also filed a cross-action seeking a divorce from plaintiff upon the grounds of cruel treatment. And he too sought custody of the children and a division of the community property.

The trial was before the court without a jury. On September 18, 1944, the court found: "* * * both parties established sufficient grounds for the court to grant a divorce and that in deference to the delicacy of womanhood a divorce should be granted to" plaintiff. But custody of the children was awarded to defendant; and a receiver was appointed for the community property, who was authorized to sell all or any part of it if necessary in order to divide it between the parties. The judgment ordered the receiver to pay plaintiff's attorney a fee of $250 forthwith, before making any division of the community property. The court costs were assessed equally against the parties, and the receiver was ordered to pay them.

On the following day, September 19, 1944, plaintiff perfected her appeal by filing an appeal bond, and also filing a supersedeas bond in the amount fixed therefor by order of the court—$2,000. Plaintiff also instituted an original mandamus proceeding in this court, seeking custody of the children pending this appeal. Lotz v. Lotz, Tex.Civ.App., 182 S.W.2d 1014.

On October 23, 1944, in response to plaintiff's request, the court filed his conclusions of fact and law, and thereafter, on November 2, 1944, filed amended conclusions of fact and law at plaintiff's request for further findings.

The fifteen points on which plaintiff predicates her appeal are too long to set forth. But in substance they complain:

That the facts found by the court are insufficient to support the judgment awarding custody of the children to defendant.

That the facts found by the court are insufficient to support the judgment of divorce granted plaintiff.

That the court erred in refusing to reopen the case to permit the introduction of further evidence bearing on the proper custody of the children.

That the court erred in failing to require a bond of the receiver, and in authorizing him to determine what property was not divisible in kind, and in providing for payment of appellant's attorney's fees out of community property.

Opinion.

This was a hotly contested case. But this contest, centered, not on whether cause for a divorce upon grounds of cruel treatment had been established by full and satisfactory evidence, but on whether the divorce should be granted to plaintiff on her action, or to defendant on his cross-action. The nature of the proof made before the court is reflected by the following quoted findings of fact, which we deem sufficiently supported by the evidence:

"That on July 5, 1944, Plaintiff, Helen Lotz, exhibited a fit of temper and a state of drunkenness and beat and hit the Defendant, William Lotz, over the head."

"That on July 5, 1944, Defendant, William Lotz, exhibited a high temper and in an effort to calm the Plaintiff, made excessive treatment in slapping Plaintiff."

As a result of this slapping treatment plaintiff had to be taken to the hospital.

Though plaintiff was awarded the decree of divorce, she lost the ancillary contest for the custody of the children.

In her motion for a new trial plaintiff sought to have the judgment granting her the divorce set aside, apparently taking the position that the evidence lacked that full and satisfactory character necessary to entitle her to a divorce, seemingly, because she considers that it must be concluded under the court's findings that she had provoked the attack of July 5, 1944.

From the record, and from her brief, it is evident to us that plaintiff is seeking to destroy the ancillary order awarding custody of the children, by striking at it through the sides of the decree awarding her the divorce. Not because she wants the decree less, but because she wants the custody of the children more, and is seemingly hopeful that, upon another trial, custody of the children might also be awarded her.

■ Plaintiff's position, considered merely upon legal grounds, in thus seeking to have the decree of divorce set aside, and the cause retried, is not easily understood. By exhibiting her petition below and offering evidence in support of it, plaintiff claimed she had a legal right to a divorce. Upon the trial the court vindicated such claimed right. The law is not sufficiently subtle and refined to undertake the vindication of the personal sentiments of litigants. Having granted plaintiff the divorce she claimed to have a right to, upon evidence she claimed to have entitled her to it, we know of no right in plaintiff to have the judgment set aside merely to have a new trial for the same purpose. Though she undertakes to claim that the evidence is not of that full and satisfactory character required by law, she does not profess that upon a new trial she will offer any other evidence. In Spence v. State National Bank, Tex.Com.App., 5 S.W.2d 754, 756, the court said: "To permit one to invoke the exercise of a jurisdiction within the general powers of a court and then to reverse its order upon the ground that it had no jurisdiction would be to allow one to trifle with the courts." The cited case is not directly in point. But the principle there applied in the interest of a sound administration of the laws is equally applicable here. And we think that such principle not the less applicable where the purpose is to strike down the judgment merely in order to destroy an order made ancillary thereto. Plaintiff is estopped to draw in question the judgment rendered in her favor, supported by her petition and evidence. The judgment of divorce is in all things sustained.

Plaintiff contends that the findings of the court are not sufficient to deny the award of the custody to her, the mother, or to support the award to defendant, the father, in view of the fact that the boy is but four years of age, and the girl six. One of plaintiff's points read: "The trial court erred in failing and refusing to make and file a finding of fact as to whether the welfare, well-being, care and education of the minor children of the parties were impaired by reason of the acts of misconduct found to have been committed by appellant and by reason of the facts as to their care, after appellant had specifically requested the court to make such findings in the manner and at the time required by law."

■ It is true that, everything else being equal, a court will give the preference in awarding the custody of very young children to the mother. Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241. But it is a mistaken view that in order to be denied this preference it must be made to appear that the mother's conduct has been so vicious as to have visibly and demonstratively wounded the children in their well-being, welfare, etc. The award of custody is not made to punish the parent but to promote the interest of the children. R.C.S., Art. 4639, provides that in all divorce suits the court shall have power to give the custody and education of the children to either parent, as the court shall deem right and proper, having regard to the age and sex of the children. R.C.S., Art. 4639a, Vernon's Ann.Civ.St. Art. 4639a provides, among other things, that in awarding the custody of children of divorced parents, the court shall "make such orders regarding the custody and support of each such child or children, as is for the best interest of same."

■ Upon evidence which was sufficient the court found that plaintiff had done and left undone certain acts. Such findings

484

were evidentiary. The ultimate finding was to the effect that plaintiff was not a fit person for the custody, care and control of the children. The evidence was sufficient to bear this conclusion. Without going into details, it appeared that plaintiff liked the excitement and bustle of business, and, with her sister, had purchased and was conducting a cafe. She also liked to go out at night and stay out late. She did not, in the court's opinion, make sufficient provision for the care of the children. We cannot say that the court was not right. The husband's work was on boats, and he is out of town and in town on twenty-four hour turns.

There was no question but that defendant was a good provider, and a kind and attentive father. To be sure he could not give the children a mother's care, but he perfected arrangements to have his mother do so, who, though 64 years old, was found by the court to be able, willing, and anxious to give the children such care and attention as defendant was not able to give. The court found the father a fit person for such custody. Plaintiff fails to show any abuse by the court of his discretion in awarding the custody to defendant.

■ Also the court did not abuse his discretion in refusing to re-open the case to hear more evidence upon the question of custody.

■ The court's order appointing the receiver seems to have been in conformity with plaintiff's pleadings, and under agreement of the counsel of the parties. Plaintiff did not request in her pleadings that the receiver be required to make bond. But it is represented to us that the receiver is ready, able and willing to make a bond, and would have done so except that plaintiff perfected her appeal before he had an opportunity to do so. The appeal bond was filed September 19, following the rendition of judgment the preceding day. In a divorce case it is discretionary with the court whether to require a bond of the receiver. Rule 695-a, Texas Rules of Civil Procedure. We overrule plaintiff's point on the matter discussed.

■ We also note that the receiver was given the powers which plaintiff requested should be given him. We are unable to say that the court delegated any undue powers to the receiver. Any division that he makes must be reported to the court and approved. And if he makes any sales of property because it is not divisible in kind, such sales must be reported and approved. And no such division or sale will be effective until approved. We overrule plaintiff's point on the matter discussed.

■ Plaintiff asked an allowance of $250.00 as attorney's fees, and the parties agreed that such sum was reasonable. By ordering that the receiver pay same, the court was merely ordering that the same be paid out of the community estate. The order was not improper. The community is liable for necessaries.

The judgment is in all things affirmed.

Affirmed.