Corydon Merriman ASHBY, Jr., Appellant,

v.

John William STEVENSON, Appellee.

No. 14225.

Court of Civil Appeals of Texas.

Houston.

June 20, 1963.

Rehearing Denied June 27, 1963.

Solito, Vetrano & Murr, Peter S. Solito, Houston, Bill Waltrip, Beaumont, of counsel, for appellant.

Thomas J. Graham, Houston, for appellee.

BELL, Chief Justice.

This is an appeal from a judgment refusing to dissolve a temporary injunction.

On January 26, 1962, appellee filed an alienation of affection suit against appellant and ancillary to that suit sought an order enjoining appellant from communicating in any way with appellee's wife. Appellee's wife had filed suit for divorce against him. On February 1, 1962, after hearing, the trial court granted the relief prayed for and enjoined appellant from in any manner communicating with appellee's wife. The injunction was to remain in effect until further orders of the court, or until the final determination of the alienation of affection suit, or until the final termination or dissolution of the bonds of matrimony between appellee and his wife.

On December 12, 1962, appellee filed his cross-action for divorce against his wife. As grounds for divorce appellee relied principally on the improper relationship between his wife and appellant. The divorce case came on for trial on December 18, 1962 and on trial before a jury, the jury, on December 20, 1962, found favorably to appellee as to grounds for divorce, but favorably to his wife as to the issue of custody of their children.

On March 6, 1963, appellant filed his motion to dissolve the injunction. As grounds for dissolution appellant asserted a change in conditions of such a nature as have in fact destroyed the harmonious marriage relationship that the injunction was designed to preserve. The fact of the filing of the cross-action, the trial of the divorce case and the rendition of a divorce judgment by the court, though there had been no written draft of the judgment signed, are all alleged. Too, it was alleged the alienation of affection suit had never been set for trial though it had been on file since January, 1962. Further, it is alleged appellee made constant threats against appellant

and his wife to have them both punished for alleged violations of the order. One affidavit for complaint filed by appellee's counsel charging appellant with six violations was made a part of the motion. The affidavit reflects appellant had previously been held in contempt.

Trial on the motion to dissolve was had on March 11, 1963. The evidence introduced consisted of a copy of appellee's cross-action, a copy of the court's charge and the jury's answers to the issues, and the court's docket entry showing judgment "rendered as per stipulation entered in record." Oral testimony was offered through appellee's attorney. The testimony reflected that the trial of the divorce case consumed three days. The evidence in the divorce suit largely related to the affair between appellant and Mrs. Stevenson. Appellee in effect had testified in the divorce case that because of his wife's continued association with appellant even since the injunction was granted, he could not live with her. Counsel for appellee testified his client's position had always been that if his wife quit running around with appellant he would like to effect a reconciliation. The evidence showed that appellant admitted he and Mrs. Stevenson had continued to associate, in violation of the injunction. At the time of the hearing of the motion to dissolve, counsel for appellee had been instructed to file a motion for new trial in the divorce case and if it was overruled to appeal the *entire case*. The judgment in the divorce case had not been entered by the court at the time of the hearing on the motion to dissolve.

Appellant was called to the stand by appellee's counsel as an adverse witness. He testified he was married and had three children. Questions with regard to his feeling for and relationship with Mrs. Stevenson were not permitted to be answered.

Appellant predicates his appeal on the assertions that the evidence shows such changed conditions that an injunction can-not serve to preserve the status quo that existed when it was issued because the harmonious marriage relations between appellee and his wife, which the injunction was designed to preserve, have in fact been destroyed since the issuance of the injunction. He says the injunction should have been dissolved also because of the ill use made by appellee of the injunction. The position is that there is no chance of reconciliation. Appellant asserts appellee merely wants to maintain the injunction to use it to punish appellant.

■ Whether a temporary injunction should be dissolved is a matter addressed to the sound discretion of the court and his action will not be disturbed unless he has clearly abused such discretion.

■ In determining whether the trial court abused his discretion we must view the matter in the light of the facts as they existed at the time the trial court acted.

■ We have reached the conclusion that we cannot say, in the light of the facts the trial court had before it, that there was an abuse of discretion in refusing to dissolve the injunction.

This case involves the preservation of marital relations and thus the preservation of the home. In this case the preservation of the home is doubly important because small children are involved. The trial court had before him a situation where the marital relationship between appellee and his wife had been apparently destroyed because of acts on the part of appellant. The purpose of the temporary injunction, when issued, was to aid appellee in preserving and re-establishing in fact a sacred relationship that was at least apparently being destroyed by appellant. When the motion to dissolve was heard the marital relationship had not been finally legally terminated. While a judgment for divorce in favor of appellee, because of appellant's relationship with appellee's wife, was rendered, no draft of the judgment had been signed. The judgment, though rendered, had not by the passage of

time become final. Too, appellee had the right to file a motion for new trial. While we do not feel appellee would have the legal right to obtain a new trial as to the divorce for which he asked (Lotz v. Lotz, 185 S.W. 2d 481, C.C.A.), the time that would probably be entailed in finally disposing of the motion for new trial could be viewed as additional opportunity for wounds to heal and within which appellee and his wife could seek to effect a reconciliation. While the chance of reconciliation, in the light of what we have recited above, might seem remote, certainly it would not be as unlikely if appellant is not permitted to intervene. While it is difficult to understand how, after extreme unpleasantness that is characteristic of divorce proceedings, husband and wife sometimes become reconciled, experience teaches us they do. Even though the chance be remote, hope of its realization should be given every encouragement. Certainly the courts should give their aid, where legally possible, to the maintenance of an environment that is conducive to reconciliation. Appellee's position is that despite his wife's past indiscretions he wishes to forgive them and to preserve the home. Time is a great healer. It affords opportunity for tempers and passions to cool and an opportunity for that sober second thought.

■ We judicially know that appellee has now perfected his appeal to this court in the divorce case. While as above stated, we do not think appellee here, who is appellant there, is in a position to successfully attack a divorce judgment favorable to him, he has perfected his appeal as to the whole case, including that part of the judgment awarding custody of the children. It is legally possible, by the agreement of the parties, to ask this Court to reverse and remand the case for the purpose of having the trial court enter an agreed judgment which could be one of dismissal of the divorce proceedings. Rule 387a, Texas Rules Civ.Proc.

Appellant urges in effect that the harmonious marital relations have actually been destroyed and appellee merely wants to keep the injunction in force to punish appellant by filing contempt charges against him. What appellant really wants is to be unharnessed so he can without legal restraint pursue his courtship of appellee's wife. Appellee seeks only the continued opportunity to realize his hope of preserving his home. Appellant has adequate protection from punishment. He need only obey the valid orders of the court.

The judgment of the trial court is affirmed.

COLEMAN, Justice.

I respectfully dissent. The evidence recited in the majority opinion demonstrates a change of condition requiring the trial court to weigh the evidence as of the date of the trial to determine whether or not an injunction was proper under the circumstances. It seems to be conceded that the only purpose of the injunction was to encourage reconciliation. After the injunction had been in force for several months, appellee filed a cross-action for divorce alleging that his wife had pursued toward him since the 4th day of November, 1961, a course of unkind, cruel and immoral conduct such as rendered their further living together as husband and wife completely insupportable. The injunction has been in force for more than a year. Both appellee and his wife appeared before the Court of Domestic Relations asking for a divorce. Appellee testified that because of his wife's conduct he could no longer live with her as her husband. The evidence negatived the existence of any progress toward reconciliation during the previous year. The purpose of the injunction was to prevent interference with the marital relationship. It could be presumed as a matter of law that irreparable injury would result from such interference. However, appellee's testimony, together with the fact that he asked for and was granted a divorce, even though it was not final at the time of this hearing, conclusively rebuts this presumption. No other evidence supports an implied finding of

probable injury to appellee if the injunction is not continued in force. The trial court's action in continuing the injunction constituted an abuse of discretion. Camp v. Shannon, Tex.Sup., 348 S.W.2d 517.