**SPINKS INDUSTRIES, INC., et al.,
Appellants,**

v.

**CITY OF FORT WORTH et al., Appellees.**

**No. 17098.**

Court of Civil Appeals of Texas,
Fort Worth.

March 20, 1970.

Lyne, Klein & French, and Fritz L. Lyne
and Bill Womble, Dallas, for appellants.

S. G. Johndroe, Jr., City Atty., and Je-
rome H. Parker, Jr., Asst. City Atty., Fort
Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

The case is one where plaintiffs Spinks
Industries, Inc., et al., hereinafter termed
landowner, brought suit for injunction
against the defendants City of Fort Worth,
et al., hereinafter termed City.

The landowner's objective was to enjoin
the enactment of city municipal annexation
ordinance(s) which would allegedly in-
validly annex and incorporate into said
City certain property belonging to the land-
owner.

Although it was the contention of the
landowner that the City of Burleson had ac-
quired interests in the area which was the
subject of the annexation ordinance(s) and
which interests would be affected thereby,
that municipality was not made a party to
the suit.

The trial court denied the injunction and
the landowner appealed.

We quote from the petition of the land-
owner, as follows:

"* * * notwithstanding the prior an-
nexation of Plaintiffs' properties by Bur-
leson as aforesaid, *Fort Worth has here-
tofore undertaken, and does now propose
and threaten,* as hereinabove alleged, *to ex-
tend the boundaries of its corporate City
Limits by annexing Plaintiffs' properties*
hereinabove described; that such annexa-
tion proceedings by Fort Worth are directly
contradictory to and in flagrant disregard
of the prior annexation of the same terri-
tory by Burleson; *that unless the Defend-
ants named herein are restrained and en-
joined from proceeding further with the
aforesaid annexation proceedings,* Plain-
tiffs have reason to be believe, and do be-
lieve, that said Defendants will proceed to
read, consider and approve for final passage
the aforesaid Ordinance No. 6145 authoriz-
ing annexation of Plaintiffs' said properties
as a part of the City Limits of Fort Worth
immediately after the expiration of the
requisite period of thirty (30) days from
August 12, 1969, towit: on or about Sep-
tember 12, 1969, and *the aforesaid proper-
ties of Plaintiffs will thereby be subjected
to the onerous burden of taxes levied there-
on by both Burleson and Fort Worth, which*

*burden of double taxation will constitute immediate and irreparable injury to Plaintiffs, prejudicial to their interests, for which no adequate remedy at law is available; * * *.*

"WHEREFORE PREMISES CONSIDERED, *Plaintiffs pray * * * a temporary injunction be granted* and a writ of injunction issue commanding said Defendants to desist and refrain from proceeding further with any proceedings relative to or in connection with the annexation of the properties of Plaintiffs hereinabove described as a part of the corporate City Limits of Fort Worth, Texas; and said Plaintiffs further *pray that upon final (hearing) hereof said temporary injunction be made permanent, * * *."* (Emphasis supplied.)

By stipulation the hearing was treated below and is treated here as one upon the merits of the property owner's suit for permanent injunction.

As a matter of law, under the pleadings and evidence in the case, the denial of injunction was proper; there having been no competent allegations or legal proof of any irreparable injury which would result through the mere enactment by the City of the annexation ordinance.

The following is from City of Dallas v. Couchman, *249* S.W. 234 (Dallas Tex.Civ. App., 1923, writ ref.) : "The decree of the court, therefore, enjoins a legislative act of the board of commissioners. It is well settled by the authorities in this state that a court of equity will not lend its processes to the accomplishment of this character of interference by injunction with the legislative functions of a municipal corporation; the corporation being endowed with such functions by special legislative authority. The rule is that the enactment of a void ordinance will not be enjoined, although its invalidity clearly appears, unless it also clearly appears that the mere enactment of the ordinance of itself will work irreparable injury without the intervention of some wrongful act under its authority. The enactment of an ordinance by the legislative body of a city is a sovereign act of government. It is the exercise of duly conferred legislative authority. It is an expression of the will of the Legislature through the instrumentality of the board of commissioners, upon which the Legislature has chosen to confer a part of the governmental power reposed in it. Since our system of government is divided into the legislative, executive, and judicial departments, whose spheres are clearly defined, no one of them, and least of all the judicial department, should attempt to exceed the limits set about it and invade by such interference the domain of another. The mere enactment of an ordinance of the nature of that under consideration could not operate to impair any of the rights of appellees. If it were void, that fact alone would work no injury. Only after acts were impending or steps were already taken to construct the tracks could the basis for the relief here sought exist. When such exigency arose, then, and not before, in any event, could the authority of a court be invoked to restrain the injury. City of Dallas v. Dallas Con. Selc. Ry., 105 Tex. 337, 148 S.W. 292; Garitty v. Halbert (Tex.Civ.App.) 225 S.W. 196."

To the same effect are Garitty v. Halbert, 225 S.W. 196 (Dallas Civ.App., 1920, no writ hist.) and City of Dallas v. Dallas Consolidated Electric St. Ry. Co., 105 Tex. 337, 148 S.W. 292 (1912). See also 39 Tex.Jur. 2d, p. 594, Sec. 266 "(Ordinances, Resolutions and Other Municipal Legislation)— Preventing enactment."

The principle of law announced above is controlling of the instant appeal. The judgment in denial of injunction is affirmed.